In re Bauer.

## *In Re* BAUER.

### Division Two, November 15, 1892.

1. **Criminal Practice:** APPEAL: BAIL.  Where the circuit court admits a defendant to bail after conviction and approves his appeal bond, he is entitled to go at large notwithstanding no order was entered staying sentence against him. (Revised Statutes, 1889, secs. 4279, 4283–4.)

2. ———: ———: ———.  Revised Statutes, 1889, section 4130, providing that, where a surety desires to surrender his principal, he may procure a copy of the recognizance from the clerk by virtue of which the bail or any person authorized by him may take the principal in any county in the state, includes cases of bail given for appearance in the supreme and other appellate courts.

3. ———: ———: ———.  Where the defendant has been surrendered by his sureties pending appeal, he should be given reasonable time and opportunity to make another bond.

### *Habeas Corpus.*

WRIT DENIED.

*Wolf & Bowden* for petitioner

(1) The appeal, the giving of the appeal bond by defendant, and the approval of said bond by the court in manner and form as alleged and shown, necessarily imply a stay of execution of sentence in petitioner's said cause and his discharge from custody, pending the appeal in this court. (2) The appeal bond having been executed, filed and approved, and defendant discharged from custody pending the appeal, leaves the securities named in said bond no power to control defendant and no authority to surrender him, unless defendant breaks a condition of the bond, a thing that has not been shown to have been done by defendant in the case at bar. (3) The arrest by securities of petitioner upon certified copy of the bond, and his delivery to the sheriff of Greene county, was the exercise of authority arbitrarily assumed by said securities, and was without authority of law; but, having been assumed and exercised, the action of the judge of the circuit court of the twenty-first judicial circuit in discharging petitioner under the *habeas corpus* chapter has placed it beyond the power of these securities to again deliver this petitioner to the sheriff of Dallas county, or for that sheriff to in any way interfere with the movements or wishes of this petitioner, as said sheriff sought and seeks to do.

GANTT, P. J.—The petitioner is confined in the state penitentiary, and has sued out a writ of *habeas corpus* in this court, charging that he is illegally restrained of his liberty by the warden.

The writ issued and the warden at once made return thereto. It was stipulated by both parties that the prisoner should remain in the prison in the custody of the warden, until the matter should be determined in this court.

It appears from the petition and return that the petitioner was sentenced by the circuit court of Dallas county at the April term, 1892, to imprisonment in the penitentiary for a term of four years from the eighth day of April, 1892, upon a verdict of guilty, on an indictment for perjury, preferred in Webster county; that the sentence of said court required the sheriff of Dallas county without delay to remove and safely convey said petitioner to said penitentiary.

From that judgment an appeal was prayed and granted to this court, but the circuit court of Dallas county made no order directing that said appeal should operate as a stay of proceedings as required by section 4279 of Revised Statutes, 1889. It does appear that after said appeal was granted the petitioner filed in said Dallas circuit court his bond for appeal, which was approved by the court on April 12, and that petitioner was in fact released from custody; and that afterwards on the twenty-eighth day of July, 1892, the sheriff of Dallas county rearrested petitioner and delivered him, together with a certified copy of the sentence, into the custody of the warden who detains him by virtue of said sentence. It further appears in the return of the warden that, after the execution of the bond and the release of the petitioner, the sureties thereon surrendered him to the sheriff of Dallas county.

I. The petitioner contends that as he had given bond for appeal to this court, and his appeal was undetermined, the sheriff had no authority to rearrest him and deliver him to the warden, and the warden has no right to detain him.

The right of appeal is purely statutory. The judgment of the Dallas circuit court is in full force and effect until it shall be reversed. By that sentence the sheriff was directed to place petitioner in the custody of the warden. The appeal taken by defendant could

not, of itself, supersede the sentence of the court. This is the express provision of the statute. To stay the operation of this sentence it was necessary for him to have procured an order from the supreme court or a judge thereof, or the court in which the judgment was rendered or the judge thereof, *expressly* directing that such appeal should operate as a stay of execution on said judgment. Sec. 4279.

But, while this is true of the appeal alone, it was most clearly the intention of the legislature, before incarcerating a citizen in the penitentiary, to allow him to be heard on his appeal, and in the meantime suspend the proceedings in either of two cases: *First*, if the court in which he was convicted or this court should direct the stay as provided in section 4279; or, *secondly*, if the court in which he was convicted, or the judge thereof, or this court or a judge thereof, *should admit him to bail pending his appeal*. Unless we so construe sections 4283 and 4284 they are meaningless. What consideration would there be for the prisoner entering into a bond for his appearance in this court if his recognizance did not secure him immunity from the galling sensation of being recognized and treated as a felon, and compelled to don the felon's garb, and submit to the discipline of the penitentiary, an experience which no reversal of his sentence could ever eradicate, and for which there is no recompense from the state?

The records of this court bear witness that many defendants have been imprisoned in the penitentiary on erroneous and void sentences. It is the duty of this and all other courts to construe these sections of the statute in a humane spirit, and our conclusion is that, when the circuit court admitted the petitioner to bail and approved his bond, he was entitled to go at liberty, notwithstanding there was *no other order* staying the judgment against him.

II.   But it further appears from the return, that the sureties of petitioner on the twenty-eighth of July surrendered him to the sheriff of Dallas county.   This was admitted also in the argument of this case by counsel for petitioner, but he denies the right of the bail on an appeal bond to surrender their principal.

The learned counsel concedes that at common law the sureties on bail bond might surrender their principal at any time.   It has been quaintly said that "bail have their principal always upon a string, and may pull the string whenever they please and render him in their own discharge."   *Anonymous*, 6   Modern, 231; *Toles v. Adee*, 84 N. Y. 240.   The sureties are frequently called *the principal's jailers*, "for he is only at liberty by the permission and indulgence of the bail; they may take him up at any time."   Lord HARDWICKE in *Ex parte Gibbons*, 1 Atk. 237.

But he contends that as the common law provided no appeal from felonies, and the recognizance for appeal was unknown, in the absence of a special statute permitting them to surrender their principal the sureties on an appeal bond are irrevocably bound till the appeal is determined.   This position of counsel does not commend itself to our judgment.   He concedes that the recognizance is a bail bond.   Sureties have ever been favored by the courts, and "it has come to be recognized as an implied condition in every bail bond that the state through her peace officers will arrest the principal, if within the state, when the bail shall desire it to be done."   *Com. v. Overby*, 80 Ky. 208; 44 Am. Rep. 471.

Were this to be determined upon the principles of the common law alone, the reason would be against the petitioner.   The mere incident of an appeal would not change the nature of the obligation of the sureties. No sound distinction can be made why bail for appear-

ance to the circuit court should be more favored than bail for appearance in the supreme or other appellate court.

But the provisions of the statute are general and apply alike to bail in all criminal proceedings, and there is no warrant for restricting section 4130, Revised Statutes, 1889, to bail for appearance in the justice and circuit courts. It is comprehensive enough for this or any other case of bail. The section reads: "When a bail desires to surrender his principal, he may procure a copy of the recognizance from the clerk, by virtue of which the bail, or any person authorized by him, may take the principal in any county within this state." Under this section, the sureties had the right to surrender petitioner to the sheriff, and they were then released from further obligation on the appeal bond or recognizance.

The discharge of petitioner by Judge HUBBARD is not an adjudication of the issues here. A new state of facts has arisen since that discharge. The learned judge correctly held that the sureties had no right to surrender petitioner to the sheriff of Greene county. It was their duty to deliver him to the sheriff of Dallas county. No other sheriff was authorized to imprison him. This was evidently the ground of discharge. But it does not follow that, because one set of sureties declined to remain on his bail bond, the prisoner should have been so hurriedly placed in the penitentiary, without the opportunity to make another bond. He should have been permitted to do this, in a reasonable time.

His appeal is now pending in this court, and this application also has brought him within our jurisdiction, and, while we must hold that he is not entitled to his liberty upon the recognizance bond, approved by the circuit court of Dallas county, because of his surrender by

his bail, it is ordered, that he will be admitted to bail in the sum of $2,000, with solvent sureties, to be approved by this court or any judge thereof, but, if he is unable to give the bond here, the warden will deliver him to the sheriff of Dallas county to be returned to the jail of said county, where he may be admitted to bail by the circuit court or the judge thereof, pending his said appeal. And, in default of giving said appeal bond, it is further ordered that said proceedings be stayed till the further judgment of this court on his appeal. All the judges of this division concur.