ARKANSAS & OKLAHOMA RAILROAD COMPANY, Appellant, v. POWELL, Respondent.

St. Louis Court of Appeals, February 2, 1904.

1. **APPEALS: Statutory Right: Strict Compliance.** The right of appeal being purely statutory, a substantial, if not a literal, compliance with the statutory requirements in that respect, is necessary to confer jurisdiction upon the appellate court.

2. ———: **Affidavit, Insufficient.** An affidavit for appeal which omits the statement of affiant's belief "that the appellant is aggrieved by the judgment of the court," is deficient in statutory recitals and can not give the appellate court jurisdiction of the cause.

3. ———: ———: **Amendment.** And the appellate court has no power to make an order allowing the amendment of a defective affidavit for appeal, or the substitution of a new affidavit which will conform to the statute.

4. ———: ———: **Waiver.** Nor can the respondent waive the question of defective affidavit for appeal; or estop himself to urge its insufficiency, by appearing in the appellate court and consenting to a continuance.

Appeal from McDonald Circuit Court.—*Hon. Geo. W. Thornberry,* Judge.

APPEAL DISMISSED.

*L. F. Parker, J. T. Woodruff* and *John G. Egan* for appellant.

(1) The respondent has waived the question of the insufficiency of the affidavit for appeal, and has entered a general appearance by consenting to two continuances of this cause, in this court. McLeran v. Shartzer, 5 Cal. 70; Coby v. Halthausen, 16 Col. 10, 26 Pac. 148; Robertson v. O'Reilly, 14 Col. 441, 24 Pac. 560; Mitchell v. Jacobs, 17 Ill. 235; Roundy v. Kent, 75 Iowa

662, 37 N. W. 146; Wilgus v. Gettings, 19. Iowa 82;. Steven v. Nebr., etc. Ins. Co., 29 Nebr. 187, 45 N. W. 284; Overseers of Poor v. Same, 5 Cowen (N. Y.) 363; Wilson v. Kelly, 81 Penn. St. 411. (2) The respond-ent, by consenting that the appellant might amend the record in this court, waived the question of the defect in the affidavit for appeal, and entered a general appear-ance here. Price v. Railroad, 40 Ill. 44. (3) The re-spondent has waived the objection to the defect in the affidavit for appeal, by laches in presenting his motion to dismiss. Bombeck v. Bombeck, 18 Mo. App. 26; Yates v. Kinney, 23 Nebr. 648, 37 N. W. 590; Hanson v. Hoitt, 14 N. H. 56; Fitzpatrick v. Cottingham, 14 Wis. 219. (4) The following decisions of the Supreme Court of this State, holding that it is too late to move to dismiss when the case is submitted, are applicable to the circumstances of this case. St. L. B. & C. Co. v. Railroad, 72 Mo. 664. (5) The defect in the affidavit for appeal can be amended here, by leave of this court, by the appellant filing a supplementary affidavit, setting up the omitted statement. Sec. 673, Code Civ. Prac., R. S. 1899; Cooley v. Railroad, 149 Mo. 487; Hillebrant v. Brewer, 5 Texas 566; Norton v. Flake, 36 Mo. App. 698; Burnett v. McCluey, 92 Mo. 230; Halstead v. Mus-tion, 166 Mo. 488; Muldrow v. Bates, 5 Mo. 214; Cru-chon v. Brown, 57 Mo. 38; Lilly v. Tobin, 103 Mo. 477; Goddard v. Williamson, 72 Mo. 131.

*Geo. Hubbert*, with *White & Clay* for respondent.

(1) If, as appears to be the rule, the statutory af-fidavit for appeal be a necessary and precedent "condi-tion" as a jurisdictional basis therefor, there does not seem to be any lawful appeal, *nothing of which this court has any jurisdiction;* and the appeal should be dis-missed. The statute requires an affidavit that "the af-fiant believes the appellant is aggrieved by the judgment or decision of the court" which is altogether missing

here. R. S. 1899, sec. 808; Thomas v. Mo. Mut. Ins. Co., 89 Mo. App. 12; Schnabel v. Thomas, 92 Mo. App. 180. (2) If an appellant may leave off one-half the prescribed affidavit, another may leave off the other half; then, as well might another omit the whole. But however onerous it may seem, the law must be observed with strictness, or there can be no appeal from a circuit court judgment. State ex rel. v. Woodson, 128 Mo. 497; Clelland v. Shaw, 51 Mo. 440; Green v. Castello, 35 Mo. App. 127, 134-5. There is no power here to order amendments; no jurisdiction having been acquired. 24 Mo. App. 554; 87 Mo. App. 284.

STATEMENT.

Appellant brought this action to the August term, 1901, of the circuit court of McDonald county, upon an agreement executed by respondent jointly with other subscribers thereto, which was made an exhibit to the petition. The petition contained allegations of plaintiff's legal existence and lawful powers, and that in 1899 it located and constructed, and since completion, had continuously operated an extension of its line of railroad from the town of Gravett, Benton county, to the town of Southwest City, in McDonald county. That before beginning such extension defendant and other citizens of Southwest City and vicinity, in consideration of the benefits to be derived by them from the construction and operation of such extension, as an inducement to plaintiff to construct and operate it, executed and delivered an obligation dated March, 1899, whereby they undertook to procure free of cost to plaintiff, and at their expense, for plaintiff, depot and switching grounds at Southwest City, of the extent mentioned in such obligation, and to procure the right of way of the dimensions mentioned therein, which further provided that the liability of defendant and other subscribers should not exceed three per cent each of the aggregate cost of procuring such

depot, switching grounds and right of way. That by terms of this obligation such depot, switching grounds and right of way were to be procured by defendant and others as required for use of plaintiff in construction of such extension, and defendant and his co-obligors were notified and procured part at their own cost, but the greater part was not procured by such obligors and plaintiff was compelled to obtain them at a cost of $2,038.26, and judgment was asked for his proportionate part against defendant.

The answer, after a general denial, in its second paragraph set forth that plaintiff had represented it would build a first class railroad from Gravett to South-west City, equipped with steel rails and make Southwest City its terminus and base of supplies for its extension east to the zinc mines and timber lands of Arkansas for a period of not less than two years, which would be advantageous to defendant and his property, and in pursuance of such representations, inducements and considerations, defendant signed the paper sued on, but plaintiff had failed to comply in the particulars detailed with such representations and conditions, and the writing was without consideration and not binding. The third paragraph of the answer charged that plaintiff was a foreign corporation organized under the laws of Arkansas, and had never complied with sections named of the statutes of this state, and had no authority to do business or maintain an action in Missouri, and therefore plaintiff ought not to maintain its action; and that the contract was made and delivered in Missouri, and in contravention of the sections cited, and void and non-enforceable.

In reply, plaintiff pleaded that the allegations of the second paragraph of the answer constituted no defense, because they set up parol understandings made by plaintiff, at and before the execution of the contract to vary, contradict and add to such written contract; as to the third paragraph, plaintiff replied that since the institu-

tion of the suit, it had complied with the statutory provisions of Missouri, and tendered a license required thereby, which it had received from the Secretary of State, and further averred that while the contract was executed and delivered in Missouri to plaintiff's agent, it was accepted and became a binding contract in Arkansas, and the greater part of the right of way to be procured was in Arkansas, and the greater part of the amount sued for was expended for right of way in Arkansas.

Defendant moved for and took judgment upon the foregoing pleadings, and after unsuccessful motions to set aside, in arrest, vacate and for a new trial, plaintiff sought an appeal which was granted upon affidavit as follows:

"Comes the plaintiff, the Arkansas & Oklahoma Railroad Company, a railroad corporation, by its attorney, J. A. Rice, and prays an appeal from the judgment of this court in this cause to the St. Louis Court of Appeals. And for cause and grounds of such appeal the said J. A. Rice upon oath states that he is the attorney and agent of the plaintiff, the Arkansas & Oklahoma Railroad Company, and that the appeal herein prayed for is not taken for the purpose of vexation or delay but that justice may be done the plaintiff in the premises.

"I, J. A. Rice, do solemnly swear that I am the agent and attorney of record of the plaintiff, the Arkansas & Oklahoma Railroad Company, in the above entitled cause and that the facts set forth in the above and foregoing affidavit are true.

"(Signed)    J. A. RICE.

"Subscribed and sworn to before me this, the eighteenth, day of January, 1902.

(Seal)        (Signed)    JNO. R. PATTERSON, Ct. Clk."

REYBURN, J. (after stating the facts as above).—
1. The respondent before joining issue or submission
of the cause, has protested against this court entertain-
ing jurisdiction by moving to dismiss the appeal upon
the two-fold ground that plaintiff, as appellant, did not
comply with the condition of the statute in the form of
affidavit filed, and that such affidavit appearing in the
bill of exceptions was not sufficient or effective as an
affidavit for appeal. Section 808, R. S. 1899, recites
that no appeal shall be allowed unless, first it be made
at the term at which the judgment was rendered, and
second, the appellant or his agent shall, during the
same term, file in the court his affidavit, stating that such
appeal is not made for vexation or delay, but because
the affiant believes that the appellant is aggrieved by the
judgment of the court. The right of appeal in civil
actions was unknown to the common law, and is wholly
of statutory origin, and it is therefore essential in the
exercise of the right that the statutory requirements
be strictly complied with. State ex rel. v. Woodson, 128
Mo. 497. In appeals from one court to another, it is
essential to the jurisdiction of the appellate tribunal,
that the appeal was perfected in the manner prescribed
by law, and unless so taken, the appellate court has no
jurisdiction to proceed to an examination of the merits,
but must dismiss the appeal or affirm the judgment as
the statute may determine. Green v. Castello, 35 Mo.
App. 127. A substantial if not literal, compliance with
the statute is required and numerous cases might be in-
voked to that effect. DeBolt v. Railway, 123 Mo. 496;
Thomas v. Ins. Co., 89 Mo. App. 12. Where an affidavit
departed from the statutory phraseology in that the
agent of appellant, the affiant, considered himself ag-
grieved, such form was declared worse than defective
and no affidavit except in name. Schnabel v. Thomas,
92 Mo. App. 180.

The affidavit upon which the appeal to this court was allowed is so signally deficient in the statutory recitals demanded, that the case is before the court as if no affidavit had been filed. Nor has this court any power or authority to make any order respecting the amendment of the affidavit or substitution of an affidavit conforming to the statute. The jurisdiction of this court can not attach except by appeal or upon writ of error, and the filing of an affidavit in statutory form is an essential jurisdictional act, which can not be supplied in the appellate court, which in absence of such affidavit never acquired jurisdiction. Nor can the respondent, impliedly from his actions or expressly by direct stipulation, waive such question or estop himself from urging the insufficiency of the affidavit for appeal, by appearing in this court, consenting to continuance, or by other act on his part; jurisdiction can not be conferred by consent, and if a waiver of one mandatory requirement of the statute could be made, waivers respecting any or all other jurisdictional acts or conditions would have to be recognized and tolerated. Giesing v. Schowengerdt, 24 Mo. App. 554; Peters v. Edge, 87 Mo. App. 283. As this court is wholly without jurisdiction of the cause, it will be stricken from the docket. *Bland, P. J.,* and *Goode, J.,* concur.