C. E. BEECHWOOD, Appellant, v. JOPLIN-PITTS-
BURG RAILWAY COMPANY, Respondent, I.
N. THRELKELD, Trustee in Bankruptcy, Inter-
vener.

Springfield Court of Appeals, July·28, 1913.

1. BANKRUPTCY: Bankrupt's Title to Property: Trustee Suc-
ceeds to What. Under section 70 of the Federal Bankrupt Law,
the trustee in bankruptcy acquires by operation of law the
title of the bankrupt to "all rights of action arising upon con-
tracts or from the unlawful taking or detention of, or injury
to his property." *Held*, that a right of action of the bankrupt
for personal injuries does not pass to the trustee, such right
not arising upon contract or from property.

2. ———: Bankrupt's Right of Action for Personal Injuries.
Under section 70 of the Federal Bankrupt Law the trustee
in bankruptcy acquires by operation of· law the title of the
bankrupt to all property which he could by any means have
transferred. *Held*, that a right of action which a bankrupt
has for personal injuries does not pass to the trustee as such
right is not assignable. *Held*, further, that section 5438,
R. S. 1909, which provides that rights of action for personal
injuries, other than those resulting in death, shall survive
to the personal representative of the injured party, does not
change the common law in this regard.

3. ———: Actions for Personal Injuries. It is not the policy of
the law to coin into money for the profit of his creditors
the bodily pain, mental anguish or outraged feelings of a
bankrupt.

4. APPEAL: Statutory Right to: Jurisdiction. Whether or not
an appeal in a certain case is allowed by statute is a question
of jurisdiction and can be raised at any time and in any
manner. And it is the duty of the appellate court to raise
it *sua sponte*.

5. ———: Right to: Final Action. The order of the circuit
court substituting, upon motion, a trustee in bankruptcy as
plaintiff instead of the appealing plaintiff in an action for
personal injuries, is a final judgment so far as the rights
of the original plaintiff are concerned, precluding him from
farther part in the action and hence there is a right of
appeal.

Appeal from Jasper County Circuit Court, Division No. One.—*Hon. Jos. D. Perkins*, Judge.

REVERSED AND REMANDED (with directions).

*Lee Shepherd* and *A. C. Burnett* for appellant.

(1)   A right of action for the recovery of damages for injury to the person or personal feelings of the bankrupt is a personal tort and does not vest in the trustee in bankruptcy of the injured person.   Such are actions for personal injuries sustained by the bankrupt prior to bankruptcy.   1 Loveland on Bankruptcy, p. 828; In re Haensell, 91 Fed. 355; Sebley v. Nason, 196 Mass. 125; Cleland v. Anderson, 66 Neb. 276; Noonan v. Orton, 34 Wis. 259; Rand v. Fleishman, 6 Weekly Notes, cas. 497; 6 Am. Dig. 269, par. 232(f); Beers v. Hanlin, 99 Fed. 695; In re Lumber Co., 154 Fed. 724. (2)   The right of action for tort is not property within the meaning of the National Bankruptcy Act, and even although action is pending thereupon such rights do not pass to the trustee in bankruptcy.   11 A. B. R. 65. (3)   The appeal in this case was properly granted.   R. S. 1909, secs. 20-38.   (4)   As to the plaintiff Beechwood, the order substituting the trustee was final.   His connection with the case if the order substituting the trustee were to stand is ended.   Final judgment is one in which the court's jurisdiction has been exhausted as to the matter decided.   State ex rel. v. Bland, 189 Mo. 197; Wolff v. Vette, 17 Mo. App. 36; State ex rel. Seddon, 93 Mo. 520; Adams v. Adams, 49 Mo. App. 592; Knapp-Stout Company v. Joy, 9 Mo. App. 47.   (5) Public policy forbids the assignment by the party injured of a cause of action arising from the negligence of another party.   Railroad v. Ackley, 44 L. R. A. 186, 171 Ill. 100; Meekin v. Railroad, 164 N. Y. 145, 51 L. R. A., 236.   5 Cyc. 354.

*Edward C. Wright* and *Mercer Arnold* for respondent.

(1) The appeal in this case should be dismissed. It is not properly before this court. There is a total failure of jurisdiction. The order of the court below substituting the trustee in bankruptcy of the plaintiff's estate for the plaintiff, himself, is not such an order or judgment as is covered by section 2038, R. S. 1909, sec. 2038, R. S. 1909; Snoddy v. County of Pettis, 45 Mo. 361; State v. Vaughn, 83 Mo. App. 457; Kreyling v. O'Reilly, 95 Mo. App. 561; Railroad v. Powell, 104 Mo. App. 362. (2) This is a jurisdictional question and must be decided before this court can consider appellant's appeal on its merits. The question of jurisdiction cannot be waived. This court itself cannot ignore it even though respondent should choose to do so. Railroad v. Powell, 104 Mo. App. 362; State ex rel. v. Walker, 132 Mo. 210; May, Adm., v. Mortgage Trust Co., 138 Mo. 449. (3) The order of the court below is not a final judgment. Sater v. Hunt; 75 Mo. App. 468; Webb v. Kansas City, 85 Mo. App. 148; Plate Glass Co. v. Peper, 96 Mo. App. 595; Implement Co. v. Marr, 168 Mo. 252; Connelly v. Railroad, 153 S. W. 79. (4) The order of the court below in substituting the trustee in bankruptcy of plaintiff's estate for plaintiff was correct under the law. Bankruptcy Act 1898, sec. 70a, subsec. 5; Remington on Bankruptcy, sec. 953, p. 535; In re Shenberger, 102 Fed. 978; Collier on Bankruptcy (7 Ed.), p. 815; Rosenbluth v. DeForrest & Hotchkiss Co., 81 Atl. 955; Snyder v. Railroad, 86 Mo. 616; Chouteau v. Boughton, 100 Mo. 410; Ins. Co. v. Smith, 117 Mo. 291; In re Burnstine, 131 Fed. 828.

STURGIS, J.—The plaintiff, C. E. Beechwood, instituted this suit on March 18, 1912, against the defendant to recover $5000, as damages for personal injuries alleged to have been sustained by him as a passenger on one of defendant's cars at the time of a col-

lision occasioned by defendant's negligence. On September 5, 1912, the plaintiff was adjudged a bankrupt, and, on October 10, 1912, I. N. Threlkeld, trustee of the bankrupt estate of plaintiff, filed a motion in this cause asking to be substituted as party plaintiff in place of said C. E. Beechwood on the ground that under section 70a (subdivisions 5 and 6) of the Bankrupt Act, the said trustee became the real party in interest in said cause. The court sustained this motion and substituted the trustee in bankruptcy as plaintiff in this case. The plaintiff, Beechwood, after the filing and overruling of his motion to set aside the order substituting the trustee as party plaintiff, perfected his appeal to this court. The order of court substituting the trustee in bankruptcy as party plaintiff is as follows: "Now comes on for hearing the petition of I. N. Threlkeld, trustee in bankruptcy for plaintiff, to be substituted as party plaintiff in place of C. E. Beechwood heretofore filed herein. · By consent of the same taken up and being seen, heard and fully understood by the court the same is sustained. Wherefore, it is ordered by the court that the cause proceed in the name of I. N. Threlkeld, trustee in bankruptcy of the estate of Charles E. Beechwood."

We are persuaded that the court erred in sustaining the motion to substitute the trustee in bankruptcy as party plaintiff in this cause and thereby depriving the plaintiff of all right to prosecute his action and recover for his personal injuries. The section of the Federal Bankrupt Law, by virtue of which the trustee in bankruptcy claims that he has acquired and succeeded to all plaintiff's rights to recover on the cause of action sued on and hence to be substituted for him in said cause and to appropriate to the bankrupt's estate for the benefit of creditors, this cause of action and proceeds thereof, reads as follows: "70. Title to Property.—a. The trustee of the estate of a bankrupt, upon his appointment and qualification, and his

successor or successors if he shall have one or more,. .
upon his or their appointment and qualification, shall
in turn be vested by operation of law with *the title of
the bankrupt*, as of the date he was adjudged a bank-
rupt, except insofar as it is to property which is exempt,
to all  .  .  .  (5) *property* which prior to the filing
of the petition he could by any means have transferred
or which might have been levied upon and sold under
judicial process against him  .  .  .  and (6) rights
of action arising upon contracts or from the unlawful
taking or detention of, or injury to, his property."

It will thus be seen that the trustee in bank-
ruptcy claims that he is "vested by operation of law
with the title of the bankrupt" to plaintiff's cause of
action for bodily injuries to, and mental and physical
suffering of, himself. It is not seriously contended,
and we cannot see how it could be, that this cause of
action would pass to the trustee in bankruptcy as "(6)
rights of action arising upon contracts or from the un-
lawful taking or detention of, or injury to, his property."
This cause of action does not in any manner arise upon
contract; it is a tort pure and simple; nor does it arise
from the unlawful taking, detention of, or injury to,
*property.*

But it is seriously contended, and the trial court
so held, that the title to plaintiff's cause of action vests
in the trustee in bankruptcy under subdivision 5
(supra), relating to property which the bankrupt could
by any means have transferred prior to the bank-
ruptcy. It will be noticed that the test under this
subdivision of whether or not the trustee in bank-
ruptcy takes title to any particular species of "prop-
erty" of the bankrupt is that it be of such a nature that
it is assignable—that is, can be transferred by the bank-
rupt. If it is by any means or manner assignable, then,
under the provision of the bankrupt law above quoted,
the title vests in the trustee and passes out of the bank-
rupt; otherwise it remains in the bankrupt. It will

be noticed that subdivision 5 (supra) relates only to "property" that may be assigned. Granting for argument only that a cause of action for personal injuries may be classed as *property* within the meaning of subdivision (5) of the bankrupt act, we will also concede the correctness of plaintiff's contention that the test to be applied in determining whether a cause of action is assignable or transferrable by the direct act of the parties is that the cause of action would survive and pass to the personal representative of a decedent. If it would, it is so transferable; if it would not, it is not assignable. [Snyder v. Railroad, 86 Mo. 613, 616; Chouteau v. Boughton, 100 Mo. 406, 410, 13 S. W. 395; Connecticut Life Insurance Co. v. Smith, 117 Mo. 261, 293, 22 S. W. 623.]

The respondent concedes that prior to the Act of 1907, now section 5438, Revised Statutes 1909, actions for personal injuries, at least when not resulting in death, did not on the death of the person injured survive to his personal representative. If it be finally determined that the survivorship of actions resulting in death, provided for by sections 5425, 5426-7, Revised Statutes 1909, does not go to the personal representative of the deceased in his official capacity for the benefit of the decedent's estate, but to him as trustee of an express trust for the benefit of the surviving relatives, it cannot be said that causes of action for personal injuries resulting in death are thereby made assignable. [Hegberg v. Railroad, 164 Mo. App. 514, 147 S. W. 192; Johnson v. Dixie Mining & Development Co., 171 Mo. App. 134, 156 S. W. 33; (transferred to the Supreme Court); In re Burnstine, 131 Fed. 828.] We think that it will be found that section 5438, Revised Statutes 1909, providing for the survival to the personal representative of causes of action for personal injuries on the death of the injured party from causes other than the injuries sued for, has no more potency in this respect than the sections of the statute just mentioned.

. However this may be it is well established that a cause of action for personal injuries is not in the absence of such a statute assignable and, when sustained by the bankrupt prior to the bankruptcy, does not vest in the trustee in bankruptcy of the injured party. [McLeland v. Transit Co., 105 Mo. App. 473, 80 S. W. 30; Schubert v. Herzberg, 65 Mo. App. 578; 2 Ency. of Law (2 Ed.), 1023; 5 Cyc. 354; In Re Haensell, 91 Fed. 355; 1 Loveland Bankruptcy, pp. 43 and 828.]    See also North Chicago Street R. Co. v. Ackley, 171 Ill. 100, 44 L. R. A. 177, and the annotation thereto where a large number of cases from all the States upholding this doctrine is collected.

There is every reason for holding that a cause of action for personal injuries where the gist of the damages recovered is physical pain and mental anguish should not be the subject of barter or trade or a matter of profit to the creditors of the injured party.   With reference to the very matter now at issue, it is said in Sibley v. Nason, 81 N. E. (Mass.) 887, 889, as follows: "It is not, and never has been, the policy of the law to coin into money for the profit of his creditors the bodily pain, mental anguish or outraged feelings of a bankrupt.   None of the Federal or English bankruptcy acts, nor our own insolvency statutes, have gone to that length."

The intent of the bankrupt act, with reference to what property passes to the trustee, is well expressed in Rogers v. Spence, 13 Mees. & W. 580—a leading case—where Lord DENMAN said: "As the object of the law is manifestly to benefit the creditors, by making all the pecuniary means and property of the bankrupt available for their payment, it has, in furtherance of this object, been construed largely so as to pass not only what in strictness may be called the property and debts of the bankrupt, but also those rights of action to which he was entitled for the purpose of recovering, in specie, real or personal property, or damages in re-

spect to that which has been unlawfully diminished in value, withheld, or taken from him; but causes of action not falling within this description, but arising out of a wrong personal to the bankrupt, for which he would be entitled to a remedy whether his property were diminished or impaired or not, are clearly not within the latter, and have never been held to be within the spirit of the enactments, even in cases where injuries of this kind may have been accompanied or followed by loss of property."

The question presented by this appeal as to what effect a statute similar to our section 5438, providing for the survival to the personal representative of causes of action for personal injuries on the death of the person injured, has as to making such causes of action assignable and, therefore, vesting in the trustee in bankruptcy, has been considered by the courts of other States and answered in the negative. The Illinois case of North Chicago Street R. Co. v. Ackley (supra), holds that a statute of that State, more comprehensive than ours in providing for the survival of such causes of action, does not have the effect of making causes of action for personal injuries assignable or of vesting title to the same in the trustee in bankruptcy. The court there remarked: "On the grounds of public policy, the sale or assignment of actions for injuries to the person are void. The law will not consider the injuries of a citizen whereby he is injured in his person to be, as a cause of action, a commodity of sale." Speaking of the reasons for so holding, the court says: "The other reason is a principle of law applicable to all assignments—that they are void unless the assignor has either actually or potentially the thing which he attempts to assign. A man cannot grant or charge that which he has not. . . . Most of the cases in which the right to assign this class of claims has been discussed have been assignments, under the statutes of bankruptcy or insolvency."

That same question came before the Supreme Court of Nebraska in Cleland v. Anderson, 92 N. W. 306, and 98 N. W. 1075. The statute of Nebraska provides that "no action pending in any court shall abate by the death of either or both the parties thereto, except" certain specified actions; and it was held in Webster v. City of Hastings, 59 Neb. 563, 81 N. W. 510, that by reason of this section an action for personal injuries survives to the personal representative on the death of the party injured. On the first appeal of Cleland v. Anderson (supra), the court held that the effect of said section of the statute was to make causes of action for personal injuries survive and therefore assignable, and hence the same vests in the trustee in bankruptcy. On the second appeal of said case (supra) this was reversed and the court points out that subdivision 5, of section 70a, of the Bankrupt Act provides that it is only "property" which may be assigned that passes to the trustee, and that causes of action for personal injuries are in no sense property. The court of errors and appeals of New Jersey in Weller v. Jersey City Railway Co., 61 Atl. 459, after stating the doctrine that a right of action for personal injuries is not assignable before judgment, says: "That this is the general rule is not disputed by the appellants, but it is insisted on their behalf that, since the enactment of the fourth and fifth sections of the statute concerning executors and the administration of intestates' estate in 1855 (Gen. St., p. 1426), which preserve to the executor or administrator of a decedent a right of action for a trespass to the person of the latter occurring during his lifetime, the rule in this regard has been abrogated; the argument being that a right of action which survives to the personal representatives of a deceased is necessarily assignable by him during his lifetime. We do not think that the statute appealed to has this effect. It does not attempt to change the character of those rights of action, to transpose them into property

rights, and thereby render them assignable to third persons during the lifetime of the party injured. It merely provides that, although not property rights, and therefore not assignable, they shall nevertheless survive to the personal representatives of the injured person for the benefit of his estate. The question of the assignability of claims of this character has frequently received consideration by the courts of our sister States, and, although in some jurisdictions their assignability has been affirmed, the weight of authority will be found to support the contrary view."

Another reason why our statute, section 5438, does not make this class of causes of action assignable and therefore vest in the trustee in bankruptcy is that such statute provides for their survival to the personal representative conditionally and not absolutely; the condition being that the cause of death be other than the injuries sued for. No one can know in this, or any other case pending to recover for personal injuries, whether the injuries sued for will or will not result in death.

This case, as well as those above cited, is distinguishable from that of In re Burnstine, 131 Fed. 828; in that such case only holds that the interest of a *beneficiary* to whom a cause of action survived for the death of another passes to the trustee in bankruptcy. The interest of such a beneficiary is in the nature of property and is quite different from that of a person suing for personal injuries to himself. We therefore hold that the court erred in sustaining the motion of the trustee in bankruptcy to be substituted as party plaintiff instead of the plaintiff, Beechwood.

The respondent challenges the jurisdiction of this court to consider this appeal on the ground that the order of the circuit court substituting the trustee in bankruptcy as plaintiff instead of the appealing plaintiff is not a final judgment or one of the interlocutory judgments or orders specified by section 2038, Revised

Statutes 1909, from which an appeal will lie.  This is the question of most difficulty in this case.  It might be well in passing to note that the trustee in bankruptcy makes no appearance here.  The defendant, who would apparently be indifferent in this matter, wages the battle for him.  The question, however, is one of jurisdiction and can be raised in any manner and at any time, and this court must raise it *sua sponte.* [Railroad v. Powell, 104 Mo. App. 362, 80 S. W. 336; State ex rel. v. Walker, 132 Mo. 210, 33 S. W. 813.]

The respondent urges on us that the right of appeal is purely statutory, unknown to the common law and must be strictly pursued; and so it is sometimes written.  [In re Bauer, 112 Mo. 231, 20 S. W. 488; State ex rel. v. Woodson, 128 Mo. 497, 514, 31 S. W. 105; Railroad v. Powell, supra.]  This, however, is looking on the sour side of the law.  The law, like the clouds, has a silver lining and the remedial statutes are intended to put the silver lining on the outside.  So in Stid v. Railroad, 211 Mo. 411, 418, 109 S. W. 663, the court points out the proper attitude for courts to assume with reference to statutes giving the right to appeal, as follows: "An appeal being the creature of the statute, the object to be subserved being to get at the very right of the cause, statutes pertaining to procedure are entitled to a liberal construction and courts should not be prone to plant thorns in the path of appeal." We also find that in Potter v. Beal, 50 Fed. 860, 863, the court held that in determining whether an order made by the court and as designated as "preliminary" was in fact a final judgment and appealable, such determination to be "governed by the *essence of what is done,* and not by the appellation given to it."  This is sound reason and therefore good law.

The order in question substituting the trustee as party plaintiff at first blush looks innocent enough. What, however, is the real essence and effect of this order?  If the bankrupt law affects plaintiff's cause of

action at all it vests the title of the same absolutely in
the trustee, for such is the language of that act. Seeing
then that the trustee in bankruptcy can only maintain
a suit to recover the assets of the bankrupt the title of
which the act vests in such trustee, this order substitut-
ing the trustee as party plaintiff has the force and effect
of adjudging that the title of plaintiff's cause of action
has vested in the trustee and that plaintiff no longer
has any interest in the same. It was held in Pickens
v. Dent, 106 Fed. 653, 654, that (syllabus) "A bank-
rupt cannot maintain a suit in his own name in relation
to his property not exempt, pending proceedings in
bankruptcy against him, and after the appointment of
a trustee therein; the title to such property, and the
right to maintain suits in relation thereto, being vested
in the trustee." This case received the approval of
the Supreme Court of the United States in Pickens v.
Roy, 187 U. S. 177, 47 L. Ed. 128. The effect, then,
of the order in question was the same as the dismissal
of the case as to plaintiff and the institution of a new
suit by the trustee. It was a final disposal of the case
so far as this plaintiff is concerned. Suppose the de-
fendant had set up by answer or plea in abatement the
fact of plaintiff's bankruptcy and the appointment of
the trustee and consequent vesting of the title to the
cause of action in such trustee and the court had sus-
tained the contention; would not such an order or
judgment, so disposing of plaintiff's case, have been a
final appealable judgment, regardless of its form? The
trustee in bankruptcy, supposing such an order had
been properly made, would have had the right to have
the cause of action revived in his name or commenced
a new action on the same facts; but that would not have
been *plaintiff's* action. The manner in which one ac-
tion, that of the plaintiff, is ended and another one,
that of the trustee in bankruptcy, commenced, or sub-
stituted for it, is not material. When you look at sub-
stance and not form, what is the difference in the sup-

posed case and what was actually done here? The substitution of an entirely new party plaintiff, even when voluntary, has been held to be a change of the cause of action. [School District v. Wallace, 75 Mo. App. 317; Clements v. Greenwell, 40 Mo. App. 589.] It has been frequently held that an appeal will lie from an order or judgment completely disposing of any collateral matter on the ground that the court's jurisdiction has been exhausted as to the matter decided. [State ex rel. v. Bland, 189 Mo. 197, 216, 88 S. W. 28; State ex rel. v. Seddon, 93 Mo. 520, 6 S. W. 342; Adams v. Adams, 49 Mo. App. 592; Wolff v. Vette, 17 Mo. App. 36.]

It is true that it has frequently been ruled that a judgment is not final, so as to be appealable, unless the judgment disposes of all the parties to an action and that there can be but one final judgment in a case. [Sater v. Hunt, 75 Mo. App. 468, 472; Webb v. Kansas City, 85 Mo. App. 148; Pittsburg v. Peper, 96 Mo. App. 595, 70 S. W. 910; Implement Co. v. Marr, 169 Mo. 252, 67 S. W. 586.] It will be found, however, in all these cases that the plaintiff still remained as a party to the cause and that there was some matter left undetermined between him and some defendant, and that the appeal was merely premature; the right of appeal remaining in plaintiff at some later stage of the case. In this case, however, plaintiff is completely severed from the cause of action—it is no longer his but another's—and he cannot appeal at any later stage. His appeal is not premature. Whatever steps may be taken further in this matter are not taken in plaintiff's case but in the case of I. N. Threlkeld, trustee, against the defendant.

Nor is this case like that of Roberts v. Patton, 18 Mo. 485, relied on by defendant, where a third person was denied the right to be made a party defendant. The court there held rightly that the denial of his right to be made a defendant in no way affected the case

then pending but left it intact; and, not being a party, his rights could not be affected by anything done therein.

It is further suggested that plaintiff's remedy is by *certiorari*, as in State ex rel. v. Mosman, 231 Mo. 474, 485, 133 S. W. 38; but in that case plaintiff was not severed from his cause of action and *his* cause of action finally ended as here. There plaintiff's cause of action was merely transferred, though wrongfully so, to another jurisdiction for hearing. Moreover, if it is merely a matter of which is the proper remedy by which to bring the case here in order to correct the trial court's manifest error, we cannot go very far wrong in holding that appeal is the proper remedy.

The case will therefore be reversed and remanded with directions to the trial court to set aside its order substituting the trustee in bankruptcy as party plaintiff and to proceed in the cause in accordance with this opinion. All concur.