DENISON-GHOLSON DRY GOODS COMPANY, Respondent, v. JOSEPH H. SIMMONS, Appellant.

Springfield Court of Appeals, February 14, 1921.

1. **BANKRUPTCY: Adjudication gives Federal Court Exclusive Jurisdiction.** An adjudication in bankruptcy places the bankrupt's property in the custody of the law, and gives the federal court exclusive jurisdiction thereof as against the state court, vesting the title to the bankrupt's property in the trustee in bankruptcy.

2. **NEW TRIAL: Showing of Bankruptcy of Plaintiff Held Insufficient to Require New Trial.** A motion for new trial because of the bankruptcy of plaintiff, supported by an offer to prove that plaintiff was adjudicated a bankrupt prior to the inception of the cause, and that his estate was still in process of administration, is insufficient to require a new trial, where the cause nad been pending a year and five months before trial, and the trustee in bankruptcy, if any such existed, had made no demand for the note sued on.

Appeal from the Stoddard County Circuit Court.—*Hon. W. S. C. Walker*, Judge.

. AFFIRMED.

*Hon. K. C. Spence* for appellant.

Because respondent is a foreign corporation, and there being no evidence that he had complied with the laws of this State, it was unable to institute or maintain this action. R. S. 1909, sec. 3040; Amalgamated etc., Co., v. Mining Co., 221 Mo. 7.

*Hon. H. S. Green* for respondent.

(1) The burden was on appellant to prove that respondent was a foreign corporation and that it was incapacitated to maintain a civil action at law in this State, because the presumption is that it had complied with the law in that respect. United Shoe Machine Co. v. Ramlose, 210 Mo. 631. Besides it has been said by our Supreme Court that R. S 1909, secs. 3037 to 3041, are unconstitutional. British-American Portland Cement Co. v. Citizens' Gas Co., 255 Mo. 1. (2) There was no evidence offered on the trial of this cause that the estate of respondent was being administered in a bankrupt court. No doubt the appellant thought the evidence was sufficient proof that he had paid the note, but the jury reached a different conclusion. (3) The jury in the court of the justice of the peace believed that the evidence supported their verdict in favor of respondent;

the jury in the circuit court reached the same conclusion; and, because the action was submitted to a jury without instructions, if there is a scintilla of evidence to support the finding of the jury, it is the practice of this court to affirm the judgment. Bufton v. Express Co., 217 S. W. 630 (Not officially reported).

BRADLEY, J.—This cause originated n a justice of the peace court. Plaintiff sued on a note of $100 dated April 1, 1915. The defense was payment. The defendant lost in the justice court and appealed to the circuit court where on trial before the court and a jury verdict and judgment again went for plaintiff, and defendant appealed. Defendant challenges the sufficiency of the evidence to support the verdict, and also assigns as error the refusal of the trial court to permit him to prove on motion for new trial that at the time of the institution of the suit, and at the time of the trial, plaintiff was a bankrupt and its estate was then being administered in bankruptcy in Cairo, Ill. As to the defense of payment plaintiff's evidence was that no part of the note had been paid, while defendant's evidence tended to show that he should have had some credit on the note. The note drew interest at seven per cent from date, and the verdict of the jury was returned on April 8, 1919, for $100, allowing no interest. There is a substantial evidence to support the verdict and the assignment that the evidence is not sufficient to support the verdict and judgment is ruled against defendant.

In his motion for a new trial defendant as one of his grounds stated: ''That plaintiff since the institution of said suit has been forced into bankruptcy, and could not maintain a suit for itself while in bankruptcy.'' The record discloses that on motion for new trial defendant offered to prove ''that plaintiff was a bankrupt and that its estate was being administered in a Federal bankrupt Court at Cairo, Alexander county, Illinois, prior to the institution of this action covering all the proceedings in this cause and at this time.'' This offering was rejected and defendant saved his exception. Under the Federal

bankrupt act the trustee in bankruptcy is vested by operaion of law with the title of the bankrupt to all rights of action arising upon contract. [Beechwood v. Railroad, 173 Mo. App. 371, 158 S. W. 868; Palmer v. Welch et al., 171 Mo. App. 580, 154 S. W. 433; Mfg. Co. v. Shoe Co., 192 Mo. App. 113, 180 S. W. 396.] An adjudication in bankruptcy places the bankrupt's property in the custody of the law, and that court has exclusive jurisdiction of the property as against the State court. [Lumber Co. v. Harvester Co., 215 Mo. App. 221, S. W. 1087.] In his motion for new trial defendant says in effect that plaintiff since the institution of this cause has been adjudged a bankrupt, and then on the hearing of this motion he offers to prove that prior to the institution of the cause plaintiff was adjudged a bankrupt, and that the bankrupt estate was still in process of administration. No mention of bankruptcy proceedings was made in the trial. The cause was first filed in the justice court October 20, 1917. The cause was tried in the circuit court April 8, 1919, some more than a year and five months after the case was filed in the justice court. The transcript of the justice was filed in the circuit court March 9, 1918, hence the cause was pending in the circuit court a year and one month before trial, and was continued from time to time. The trustee in bankruptcy, if such existed, is making no demand for the note sued on. If bankruptcy proceedings existed which would have divested the circuit court of jurisdiction to try this cause defendant failed to make such showing. We do not believe that on the meager showing in this record touching bankruptcy proceedings that we should interfere with the judgment rendered. The judgment is therefore affirmed. *Farrington, J.,* concurs. *Cox P. J.,* sitting.