**In re Jack Ray SEARCY and Londa Marie Searcy, Debtors.**

**Bankruptcy No. 95–50558.**

United States Bankruptcy Court,
W.D. Missouri.

March 1, 1996.

John Warren, St. Joseph, MO, for Debtors.

Jere Loyd, St. Joseph, MO, for Trustee.

*MEMORANDUM OPINION*

ARTHUR B. FEDERMAN, Bankruptcy Judge.

The Chapter 7 Trustee Jere Loyd (the "trustee") objects to the debtors' attempt to exempt the sum of $13,468.37, proceeds of a personal injury settlement held in attorney James Turner's trust account. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1). For the reasons set forth below, the trustee's objection is SUSTAINED.

Debtor Jack R. Searcy was injured in an automobile accident on August 9, 1993. As a result of said injuries Mr. Searcy is now unable to work and receives social security payments in the amount of $514.00 per month. He will need to take medication for the injuries received for the rest of his life. The other driver was insured to a maximum limit of $25,000.00. Prior to filing this Chapter 7 bankruptcy case, debtors decided to settle with the insurance company for the policy limits. The sum of $25,000.00 was paid to James Turner, Jack Searcy's personal injury attorney, and he deposited same in his trust account. Mr. Turner received ⅓ of the funds as his attorney's fee. He also paid a hospital and ambulance lien from the proceeds. At the time the bankruptcy petition was filed on November 17, 1995, there was a balance of $12,818.37 remaining in Mr. Turner's trust account. That sum has now been turned over the trustee. The parties do not dispute that debtors can exempt $675.00 pursuant to Missouri's Revised Statute § 513.430(3) and $380.00 pursuant to Missouri's Revised Statute § 513.440. The balance thus in dispute is $11,763.37. The issue is whether proceeds from a personal injury claim settled pre-petition may be claimed as exempt.

*DISCUSSION*

Section 541 of the Bankruptcy Code (the "Code") provides:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

> (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

> . . . . .

> (6) Proceeds, product, offspring, rents, or profits of or from property of the estate, except such as are earnings performed by an individual debtor after the commencement of the case.

11 U.S.C. § 541(a). Relying on the inclusive nature of section 541, the Fourth Circuit held in *Tignor v. Parkinson* that personal injury claims, "whether unliquidated or settled . . . are thus property of the bankrupt estate as of the commencement of the case." 729 F.2d 977, 981 (4th Cir.1984). *See also Gaines v. Nelson (In re Gaines),* 121 B.R. 1015, 1018 (W.D.Mo.1990); *Sierra Switchboard Co. v. Westinghouse Elec. Corp.,* 789 F.2d 705, 709 (9th Cir.1986). The parties do not really dispute that the proceeds of the personal injury settlement are property of the estate, and I so find. Debtors do, however, argue that such proceeds are exempt under Missouri case law.

▮▮▮ The Code permits a state to opt out of the Federal bankruptcy exemption scheme. 11 U.S.C. § 522(b)(1). The State of Missouri has exercised this option. Mo.Stat. Ann. § 513.427 (Supp.1996). Section 513.427 provides that:

> Every person by or against whom an order is sought for relief under Title 11, United States Code, shall be permitted to exempt from property of the estate any property that is exempt from attachment and execution under the law of the state of Missouri or under federal law, other than Title 11, United States Code, Section 522(d), and no such person is authorized to claim as exempt the property that is specified under Title 11, United States Code, Section 522(d).

*Id.* The Revised Statutes of Missouri provide a non-exclusive list of exemptions which do not address personal injury claims or proceeds. *See generally* Mo.Stat.Ann. §§ 513.430 through 513.530; *In re Sanders,* 69 B.R. 569, 572 (Bankr.E.D.Mo.1987). Missouri case law, however, holds that personal injury claims are not assignable, therefore, such claims are exempt. *Scarlett v. Barnes,* 121 B.R. 578, 581 (W.D.Mo.1990); *In re Mitchell,* 73 B.R. 93, 95 (Bankr.E.D.Mo. 1987); *Freeman v. Berberich,* 332 Mo. 831, 60 S.W.2d 393, 401 (Mo.1933); *Forsthove v. Hardware Dealers Mut. Fire Ins. Co.,* 416 S.W.2d 208, 221 (Mo.Ct.Ap.1967); *Travelers Indemnity Co. v. Chumbley,* 394 S.W.2d 418, 424 (Mo.Ct.Ap.1965); *Beechwood v. Joplin–Pittsburg Ry. Co.,* 173 Mo.App. 371, 158 S.W. 868, 870 (Mo.Ct.App.1913). The Courts reach this conclusion after finding that property in Missouri is exempt if it is not subject to attachment and execution. *Mitchell,* 73 B.R. at 94. Property which is not assignable is not subject to attachment and exemption. *Id.* Further, any property of the bankruptcy estate which is "effectively exempt from attachment and execution under Missouri law may be allowed as an exemption in bankruptcy." *Id.* It is important to note that all of the above cases deal with unliquidated claims for personal injury. In the case at hand debtors had settled their personal injury lawsuit prior to bankruptcy. Mr. Searcy did not have rights to a *claim* for personal injuries at the time of the bankruptcy filing; he had rights to $13,468.37.

Case law in Missouri supports two arguments for the exemption of personal injury claims. First, "a debt for which an attachment may issue must possess an actual character and not be merely possible, and dependent upon a contingency which may never happen." *Scarlett v. Barnes,* 121 B.R. 578, 580 (W.D.Mo.1990) (citing *Hearne v. Keath,* 63 Mo. 84, 89 (1876)). *See also In re Mitchell,* 73 B.R. 93, 95 (Bankr.E.D.Mo.1987); *Beechwood v. Joplin–Pittsburg Ry. Co.,* 173 Mo.App. 371, 158 S.W. 868, 869 (1913) (holding that "the test . . . of whether or not the trustee in bankruptcy takes title to any particular species of 'property' of the bankruptcy is that it be of such a nature that it is assignable"). Clearly, the proceeds of debtors' settlement possess an actual character and would be subject to attachment in their present state.

The second argument is based upon a public policy concern. Debtors argue that damages received for pain and suffering should not be "the subject of barter or trade, or a matter of profit to the creditors of the injured party." Doc. # 9, pg. 2. (citing *Beechwood v. Joplin–Pittsburg Ry. Co.*, 173 Mo. App. 371, 158 S.W. 868, 870 (1913)). Again, debtors have cited a case which deals with a cause of action for personal injuries, not settlement proceeds. Other cases in Missouri find that the proceeds of personal injury settlements or judgments can be assigned. In *Scarlett* the Court stated, "[o]nce the unassignable claim is reduced to a money judgment, then the judgment itself may be assigned, and it is subject to attachment and execution." 121 B.R. 578, 581 n. 4 (W.D.Mo. 1990).

In the case at hand, Jack Searcy had reduced his personal injury claim to a money settlement prior to filing bankruptcy. At the time of settlement debtor no longer possessed a claim for personal injury, and the proceeds he received in settlement thereof were not exempt. If the property is not exempt under Missouri law or under non-bankruptcy law prior to filing, by operation of section 513.427 the property is not exempt after filing the Chapter 7 petition. Mo.Stat. Ann. § 513.427 (Supp.1996).

For all of the above reasons, I find that there is no exemption for the settlement proceeds for a personal injury cause of action. The proceeds, once paid, become simply money. The only exemptions for cash are to be found in Missouri Revised Statutes §§ 513.430 and 513.440. Debtors have availed themselves of those exemptions. Therefore, the objection of the trustee to the exemption of $11,763.37 is SUSTAINED.