**In re Stephen Scott MITCHELL, and Karen Ann Finnegan Mitchell, Debtors.**

**Bankruptcy Nos. 86–01819(2), 86–01818(3).**

United States Bankruptcy Court, E.D. Missouri, E.D.

April 28, 1987.

T.J. Mullin, Clayton, Mo., for debtors.

James F. Haffner, St. Louis, Mo., for trustee.

Robert J. Blackwell, St. Louis, Mo., trustee.

## MEMORANDUM OPINION

BARRY S. SCHERMER, Bankruptcy Judge.

### INTRODUCTION

On July 29, 1986, Stephen Scott Mitchell and Karen Ann Finnegan Mitchell (hereinafter the "Debtors") filed separate Voluntary Chapter 7 Petitions. In an order dated October 8, 1986, the Honorable David P. McDonald consolidated the cases for determination of the Trustee's Objection and transferred the cases to this Court. On October 31, 1986, Robert J. Blackwell (hereinafter the "Trustee") filed an Objection To Exemption in each case, alleging that unliquidated personal injury claims listed on each Debtors' amended B-4 Schedules were not allowable exemptions. Argument by counsel appearing for all parties was heard and the parties filed a Stipulation of Facts and Memoranda of Law.

### FACTS

At the time they filed their Chapter 7 Petitions the Debtors possessed certain unliquidated claims for personal injury which arose prior to filing. The Debtors listed such claims as exempt property on their B-4 Schedules.

### JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. § 1334, 151 and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding", which the Court may hear and determine pursuant to 28 U.S.C. § 157(b)(2)(B).

### DISCUSSION

In this case the property in question is an unliquidated pre-petition claim for personal injury. "The Code abandoned the transferability—leviability standard and provided instead that 'all legal and equitable interest of the debtor in property' become property of the estate." *In re Graham*, 726 F.2d 1268, 1271 (8th Cir.1984). "The debtor's claims for injuries to the person, whether unliquidated or settled ... are thus property of the bankrupt estate as of the commencement of the case." *Tignor v. Parkinson*, 729 F.2d 977, 981 (4th Cir.1984). "Regardless of whether a personal injury claim is transferable or assignable under state law, such claims become part of the bankruptcy estate under section 541." *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 709 (9th Cir. 1986).

"After the property comes into the estate, the debtor is then permitted to exempt property needed for a fresh start." *Graham*, 726 F.2d at 1271. Section 522 of the Bankruptcy Code provides for exemptions which a debtor may claim from property of the estate. Although a list of such exemptions is provided, Section 522 also provides states with the opportunity to "opt out" of the federal exemption scheme in § 522(d) and provide for its own exemptions. The State of Missouri has "opted out" of the federal scheme thus allowing a debtor to claim any federal exemptions other than those in 11 U.S.C. 522(d) along with the exemptions allowed under state law. While specific exemptions are provided for in R.S.Mo. 513.430 et seq. this listing is not meant to be exclusive. In a recent discussion of Section 513.430, the Honorable Judge David P. McDonald noted that the exclusion of a specific exemption from the enumerated list "is of little consequence since there are numerous other undisputed exemptions not listed in that section or in any other section of Chapter 513." *In re Sanders*, 69 B.R. 569, 572 (Bankr.E.D.Mo. 1987). Thus, while there is no explicit statutory exemption in Missouri for unliquidated personal injury claims, any property of the estate which is effectively exempt from attachment and execution under Missouri law may be allowed as an exemption in bankruptcy. According to Missouri's opt out statute a debtor may exempt property of the estate which is "exempt from attachment and execution *under the law of the State of Missouri*." 513.427 R.S.Mo. (emphasis added). This statutory language permits Missouri residents to claim exemptions created by statutory and constitutional law as well as common law.

In a 1970 case the Missouri Court of Appeals cited an 1876 Missouri Supreme Court case for the proposition that " 'The debt for which an attachment may issue must possess an actual character and not be merely possible, and dependent upon a contingency which may never happen.' " *State, Government Employees Ins. Co. v. Lasky*, 454 S.W.2d 942, 950 (Mo.App.1970); *citing, Hearne et al v. Keath et al* 63 Mo. 84, 89 (1876). The Court in the *Lasky* case further noted that "by an unbroken line of decisions since that time our Courts have held that to be the subject of a garnishment the debt must be certain and not contingent." *Lasky*, 454 S.W.2d at 950. The *Lasky* Court concluded that "[i]t would be difficult to imagine a so-called indebtedness more contingent and speculative than an action for personal injuries resulting from the alleged negligence of a defendant." *Lasky*, 454 S.W.2d at 950.[1]

Further support for the exempt status of a cause of action for personal injury lies in cases concerning assignment and the related concepts of subrogation, indemnity, and restitution. It is generally accepted that "the public policy of Missouri . . . does not recognize assignment of a cause of action for personal injuries before judgment." *Lading v. Sawtelle*, 720 S.W.2d 416, 418 (Mo.App.1986). The public policy referred to is the prevention of a climate wherein "unscrupulous people would purchase causes of action and thereby traffic in law suits for pain and suffering." *Forsthone v. Hardware Dealers Mutual Fire Ins. Co.*, 416 S.W.2d 208 (Mo.App.1967), *citing, Rice v. Stone*, 83 Mass. 566 (1861).[2] This general non-assignability, non-subrogation rule supports the desirability of leaving a cause of action with the original claimant.

■ In conclusion this Court agrees with the aforementioned public policy of leaving the enforcement of unliquidated personal injury claims to the allegedly injured party. This policy is followed trough Missouri's common law exempting such causes of action from attachment, and execution through garnishment. This Court agrees with the *Sanders* Court's observation that "the 'opt out' statute itself clearly implies that bankrupt and non-bankrupt debtors are to be treated alike in terms of the exemptions available to them." *Sanders*, 69 B.R. at 576. Thus unliquidated personal injury claims such as those involved in this case may be claimed as exempt property by these Debtors.

At St. Louis, in this District, this 28th day of April, 1987.

In accordance with the Memorandum Opinion filed today, it is hereby

ORDERED that the relief requested in the Trustee's Objections to Exemption, filed October 31, 1986, is DENIED and the Debtors herein may exempt their unliquidated personal injury claims from the estate's property.

---

1. For additional statements of the proposition that a claim for unliquidated damages or right of action in tort is not subject to garnishment *see South Central Securities Co. v. Vernon*, 227 Mo.App. 486, 54 S.W.2d 416 (1932); *German v. Universal Oil Products Co.*, 6 F.Supp. 53 (W.D. Mo.1934).

2. Cases applying this public policy and therefore the rule against assignability of a cause of action for personal injury to situations involving subrogation, indemnity and restitution include: *Travelers Indemnity Company v. Chumbley*, 394 S.W.2d 418 (Mo.App.1965); *Chuning v. Calvert*, 452 S.W.2d 580 (Mo.App.1970).