In re Herbert Ralph JONES, Mary
Ruth Jones, Debtors.

Bankruptcy No. 88–04170–SJ–7–KMS.

United States Bankruptcy Court,
W.D. Missouri.

Aug. 3, 1989.

Robert B. Miner, St. Joseph, Mo., for movant.

Bruce Strauss, Kansas City, Mo., trustee.

Charles R. Willis, St. Louis, Mo., for respondent.

## MEORANDUM OPINION AND ORDER SUSTAINING FIRST NATIONAL BANK OF GALLATIN'S OBJECTION TO EXEMPT PROPERTY

KAREN M. SEE, Bankruptcy Judge.

The contested matter before the Court was instituted by the filing of the Objections to Exempt Property by The First National Bank of Gallatin ("Bank"). The Court hereby enters its Findings of Fact, Conclusions of Law and Opinion pursuant to Federal Bankruptcy Rules 9014, 9021 and 7052.

## PROCEDURAL BACKGROUND

1. On September 27, 1988 Herbert Ralph and Mary Ruth Jones ("Debtors") filed their Chapter 7 petition. Although Schedules of Assets and Liabilities were filed with their Petition, Debtors' filing was deficient; as the result thereof, on that same date, an Order to Correct the deficiencies was issued.

2. On October 17, 1988, Debtors' case was dismissed for failure to correct the deficiencies.

3. On October 27, 1989, Debtors, apparently acting pro se, filed their "Motion to Reopen (reinstate)."

4. On November 9, 1989, Debtors, with the assistance of counsel, filed a second Chapter 7 petition and related pleadings in the above-captioned case. Included in the second filing were a second set of Schedules of Assets and Liabilities.

5. On November 21, 1988, the case was reopened pursuant to order of the Court.

6. On February 3, 1989, the Section 341 Meeting of Creditors was convened by the Trustee.

7. On March 17, 1989, Debtor Herbert Jones filed his Amended Schedule B–4 of Property Claimed Exempt. Also on that date, Debtors filed their Amended Schedule B–2.

8. On April 3, 1989 the Bank filed its Objections to Exempt Property.

9. Debtors filed their Memorandum in Support of Exemptions Claimed on April 10, 1989.

10. A hearing was held on this matter on April 24, 1989 with Debtors, Bank and Trustee all represented by counsel.

## FINDINGS OF FACT

In 1985, Debtors, along with Wayne Jones, filed a petition for damages against the Bank in the Circuit Court for Daviess County, Missouri. Subsequently, the petition was amended, the most recent amendment apparently being filed on or about

August 18, 1987. The Bank has answered, defended, denied liability, and counterclaimed in the state court action.

The amended petition alleges that the Bank extended credit to Debtors and Wayne Jones pursuant to a line of credit arrangement, engaged in a fraudulent scheme and in wrongful conduct, made false representations, and breached the "relationship of trust and fidelity." The amended petition requests judgment for $511,990 in actual damages, $2,000,000 in punitive damages, and costs. In sum, the state court action is a "lender liability" cause of action asserted by Debtors as two of the three plaintiffs.

The Schedules of Assets filed by Debtors on September 27 and November 9, 1988, list the state court action as an asset of the estate (Schedule B–2–q) valued by the Debtors at $300,000. The Amendment to Schedule B–2 filed by the Debtors on March 17, 1989 estimates the value of the Debtors' interests in the action at $300,000. The exemptions claimed by the Debtors on September 27 and November 9, 1988, do not list the action as exempt. The amended exemptions claimed by Debtor Herbert Jones (Amended Schedule B–4) on March 17, 1989, list the action. As of April 24, 1989, only Debtor Herbert Jones claimed his interest in the action as exempt.

CONCLUSIONS OF LAW

The Court has jurisdiction over this core proceeding and enters its final order and judgment pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(B). The Debtors' interests in the state court action are property of their bankruptcy estate pursuant to 11 U.S.C. § 541(a). The Debtors' interests in the action are not exempt under Missouri law.

The Court's decision involves the interaction of 11 U.S.C. §§ 522, 541(a), and Mo. Rev.Stat. § 513.427. Decisions rendered by the Eighth Circuit *In re Graham*, 726 F.2d 1268 (8th Cir.1984) and *In re Swan-*

*son*, 873 F.2d 1121 (8th Cir.1989) provide the method of analysis, to wit:

1) The bankruptcy estate of a debtor is comprised of all legal and equitable interests of the debtor pursuant to Section 541(a);

2) The interests that have become part of the estate (those not excluded by Section 541(c)(2)) may be exempted from the estate pursuant to Section 522(f).

*Graham*, 726 F.2d at 1271–1272; *Swanson*, 873 F.2d at 1122–23. In order to achieve the intended policies of the Bankruptcy Code, Section 541(a) is interpreted broadly. *Graham*, 726 F.2d at 1270; *Swanson*, 873 F.2d at 1124. Thus, in the matter at hand, the issues before the Court are:

1) Are Debtors' interests in the state court action property of their bankruptcy estate?

2) If so, may Debtors exempt their interests pursuant to Missouri law?

■ Given the broad scope of Section 541(a), Debtors' interests in the action clearly constitute legal and equitable interests that are included in their bankruptcy estate pursuant to 11 U.S.C. § 541. Indeed, as the Eighth Circuit stated in *In re Ozark Restaurant Equipment Co., Inc.*, 816 F.2d 1222, 1225 (8th Cir.1987):

it is clear that causes of action belonging to the *debtor* at the commencement of the case are included within definition of property of the estate.

The Court holds that the rights and powers that are held by Debtors in the state court action constitute legal and equitable interests that Debtors held on the date that they filed their petition. Indeed, Debtors have rights and powers that can be exercised during the pendency of the action, including but not limited to the right to settle the suit. Accordingly, Debtors' interests in the action are property of the estate.[1]

■ The second issue is whether Debtors' interests may be exempted.[2] The pro-

---

**1.** The Court's decision is necessarily limited to those interests of the Debtors. The interests of co-plaintiff Wayne Jones, who is not a debtor before this Court, are not property of the estate.

**2.** It is important to emphasize that the second issue in the matter at hand is whether the Debtors may *exempt* their interests in the action. The analysis employed by the Court in this instance does not require the Court to deter-

visions of Mo.Rev.Stat. § 513.427 limit Debtors to exemptions allowed by the laws of the state of Missouri and exemptions permitted under federal law, except for those listed in the Bankruptcy Code. Unlike her husband, Debtor Mary Jones has apparently not elected to exempt her interest in the action. Therefore, her interest is clearly not exempt. Debtor Herbert Jones has listed his interest in the action as exempt, relying upon the provisions of Mo. Rev.Stat. § 513.427 and the precedent established in *In re Mitchell,* 73 B.R. 93, *aff'd.,* 855 F.2d 859 (8th Cir.1988). For purposes of discussion, the Court will analyze interests of Debtors as if both Debtors had listed their interests as exempt.

Mo.Rev.Stat. § 513.427 provides, in relevant part, that every person who is a debtor under Title 11 shall be permitted to exempt from property of the estate any property "that is exempt from attachment and execution under the laws of the state of Missouri." *Mitchell* held that under Missouri law, personal injury actions are not subject to attachment and execution prior to judgment and are not assignable; therefore, the personal injury cause of action was properly exempted by the Chapter 7 debtor.[3] The facts in *Mitchell* show that the debtor had an interest as a plaintiff in a contingent and unliquidated personal injury action.

The facts in the case at bar are distinguished from the facts that existed in *Mitchell.* In the matter presently before the Court, the Debtors have interests in a lender liability cause of action that is based on fraudulent misrepresentation and other misconduct, which is distinguished from the personal injury cause of action held by the *Mitchell* debtor.

While personal injury and other purely personal causes of action may not be assignable, causes of action generally, and those arising out of fraud and contract specifically, are assignable under Missouri law. *Gold Medal Products v. Love,* 766 S.W.2d 759 (Mo.App.1989); *Beall v. Farmers' Exchange Bank of Gallatin,* 76 S.W.2d 1098 (Mo.1934). As the court in *Beall,* 76 S.W.2d at 1099, stated:

> Practically the only classes of choses in action which are not assignable are those for torts for personal injuries, and for wrongs done to the person, the reputation or the feelings of the injured party, and those based upon contracts of a purely personal nature, such as promises of marriage.

In the case at bar, the cause of action asserted by Debtors does not qualify as one of those choses in action for which assignment is prohibited. Accordingly, the lender liability cause of action held by Debtors is assignable, and thus, not exempt under Missouri law.

Furthermore, the facts involved in *State Government Employees Ins. C. v. Lasky,* 454 S.W.2d 942 (Mo.App.1970), the case relied upon in *Mitchell,* do not support Debtors' contention that all unliquidated causes of action held by a plaintiff/debtor at the time a Chapter 7 petition are exempt property in bankruptcy. The facts in *Lasky* show that an out-of-state insurance company was served with a writ of garnishment contemporaneously with the filing of a personal injury petition for damages against the company's insured. The garnishment was based upon the premise that the insurer's obligation to defend and indemnify the insured was a "debt" owing from the insuror to the insured. The plaintiff in effect sought security from the insurance company for the contingent and unliquidated cause of action it was asserting against the defendant. The *Lasky* court only decided the issue that the insurance company's duty to defend and indem-

---

mine whether the Debtors' interests in the may be *excepted* from the estate pursuant to 11 U.S.C. § 541(c)(2). *See, Graham,* 726 F.2d at 1272; *Swanson,* 873 F.2d at 1123.

**3.** The analysis undertaken by the *Mitchell* court in determining whether property may be *exempted* is similar to the analysis undertaken by the *Graham* and *Swanson* courts in determining

whether property may be *excepted* from the estate pursuant to 11 U.S.C. § 541(c)(2). Indeed, the reasoning applied by the court in *Mitchell* that a personal injury claim is not assignable in Missouri seems to be a determination that the claim should be excepted from the estate, rather than exempted.

nify the defendant was not a debt owing to the defendant that could be attached by the plaintiff. Essentially, the *Lasky* court decided that neither the plaintiff's cause of action, nor the duty to defend and indemnify the defendant, warranted the issuance of the garnishment.

The *Gold Medal* case evidences that the position asserted by Debtors is without merit. *Gold Medal* involved a cause of action held by a Missouri plaintiff prior to judgment; the court held that the cause of action may constitute a general intangible that may be used to secure indebtedness under the Uniform Commercial Code. *Gold Medal*, 766 S.W.2d at 761; Mo.Rev.Stat. § 400.9–106 (A general intangible includes a "thing in action"). The type of cause of action asserted determines whether it may be used to secure debt as the provisions of the Uniform Commercial Code recognize that a personal injury cause of action may not be pledged. *Gold Medal*, 766 S.W.2d at 761; Clark, *The Law of Secured Transactions*, § 1.3[2], p. 1–16 (2d ed.1988). Accordingly, the interests of the plaintiff in a cause of action prior to determination of the cause may be subject to attachment. *Gold Medal*, 766 S.W.2d at 761; Mo.Rev. Stat. § 400.9–203.

Thus, unlike *Mitchell*, which involved a personal injury cause of action, Debtors' interests in the action are subject to attachment. Therefore, in the matter before the Court, the Court hereby holds that the Debtors' interests in the state court action are not exempt and the Bank's Objection to Exempt Property is sustained.

Finally, the Court takes due notice of the provisions of Federal Bankruptcy Rule 6009. Accordingly, the Trustee is hereby authorized and directed to prosecute and enter his appearance as a plaintiff in the action.

It is so ORDERED.