**In re Herbert Ralph JONES, Mary Ruth Jones, Debtors.**

**Bankruptcy No. 88–04170–SJ–7.**

United States Bankruptcy Court,
W.D. Missouri.

Nov. 6, 1989.

Robert B. Miner, St. Joseph, Mo., for movant.

Bruce Strauss, Kansas City, Mo., trustee.

Charles R. Willis, St. Louis, Mo., for respondent.

ORDER DENYING DEBTORS' MOTION TO AMEND JUDGMENT OR FOR NEW TRIAL AND SUSTAINING OBJECTION OF FIRST NATIONAL BANK OF GALLATIN TO AMENDED SCHEDULE B–4 OF DEBTOR MARY JONES

KAREN M. SEE, Bankruptcy Judge.

## I. MOTION TO AMEND JUDGMENT OR FOR NEW TRIAL

Debtors' motion for amendment of the order of August 3, 1989, 102 B.R. 730, or for new trial is without merit and is denied for the following reasons. The motion does not raise any issues for this court to consider under F.R.C. P. 59. A motion under Rule 59(a) in a nonjury case should be based upon a manifest error of law or a mistake of fact, and a judgment should not be set aside except for substantial reasons. 11 Wright & Miller, Federal Practice and

Procedure: Civil 37, § 2804, citing *Solar Labs v. Cincinnati Advertising Products Co.*, 34 F.Supp. 783 (D.Ohio 1940), *appeal dismissed*, 116 F.2d 497 (6th Cir.1940). A motion under 59(a) or (e) should not serve merely as a means to relitigate a matter previously decided by the court. *Evans, Inc. v. Tiffany & Co.*, 416 F.Supp. 224, 244 (D.Ill.1976).

The argument in debtors' motion is that the court erred when it declined to follow the law pronounced in *In re Mitchell*, 73 B.R. 93 (Bankr.E.D.Mo.1987), urged by debtors as authority for their argument that debtors' interest in a lender liability cause of action is exempt property. Debtors are simply reasserting the same argument made at the hearing and in their original memorandum in support. The same argument does not become more convincing by reason of its reassertion in the form of a motion to amend judgment or for new trial.

▇ As held in the original order of August 3, 1989, the present case is distinguishable from *Mitchell*. The rationale of *Mitchell* was limited to consideration of a personal injury cause of action, which was not subject to assignment or attachment, and is not applicable to the present situation involving a cause of action for fraud. The court did not err in failing to extend the effect of *Mitchell* beyond personal injury causes of action to a lender liability cause of action. Debtors' reliance on *Mitchell* is misplaced in that in connection with the Missouri exemption statutes, the debtor's lender liability cause of action based on fraudulent misrepresentation and other misconduct is distinguishable from a personal injury cause of action for the reasons set forth in the court's original order.

▇ Even though the court distinguished *Mitchell* and did not decline to follow it, application of *Mitchell* would not have been mandatory in any event. *Mitchell*, an opinion of the U.S. Bankruptcy Court for the Eastern District of Missouri, was affirmed by unpublished opinions of the U.S. District Court for the Eastern District of Missouri and the Eighth Circuit Court of Appeals.[1] This court is not bound by the Eastern District Bankruptcy Court's holding in *Mitchell* because one court's decision is not binding upon other courts of equal rank. *Mueller v. Allen*, 514 F.Supp. 998 (D.Minn.1981), *aff'd*, 676 F.2d 1195, *cert. granted*, 459 U.S. 820, 103 S.Ct. 48, 74 L.Ed.2d 55, *aff'd*, 463 U.S. 388, 103 S.Ct. 3062, 77 L.Ed.2d 721. Further, this court is not bound by the citation to the unpublished opinion of the Eighth Circuit affirming *Mitchell* because unpublished Eighth Circuit opinions are not intended to create binding precedent nor may they be cited by parties as authority for their arguments. *In re Leimer*, 724 F.2d 744 (8th Cir.1984) (citing 8th Cir.Rule of App.Proc. 8(i) and Appendix 2, paragraph 3).[2] Thus, because the court is not bound by *Mitchell*, debtors' argument that the court erred in declining to follow the law as pronounced in *Mitchell* is without merit.

Although the court in the present case did not decline to follow *Mitchell* since it was so clearly distinguishable, the parties are directed to another recent opinion of this court in which the court did decline to follow *Mitchell*. See *In re Gaines*, 106 B.R. 1008, 1014–19 (Bankr.W.D.Mo.1989), a copy of which is attached for the parties' convenience.

## II. OBJECTION TO AMENDED SCHEDULE B–4 OF DEBTOR MARY JONES

On March 17, 1989, debtor Herbert Jones filed an amended Schedule B–4 of property

---

**1.** *In re Mitchell*, 73 B.R. 93 (Bankr.E.D.Mo. 1987), *aff'd*, No. 87–1062–C (4) (E.D.Mo. Oct. 28, 1987), *aff'd*, 855 F.2d 859 (8th Cir. June 24, 1988).

**2.** Rule 8(i) provides: "No party may cite an opinion that was not intended for publication by this or any federal or state court, except when the cases are related by virtue of an identity between the parties or the causes of action. *See* Plan for Publication of Opinions, § 3.

Appendix 2, Plan for Publication of Opinions, § 3 provides, in part: "Unpublished opinions, since they are unreported and not uniformly available to all parties, may not be cited or otherwise used in any proceedings before this 'court or any district court in this circuit' except when the cases are related by virtue of an identity between the parties or the causes of action."

claimed exempt which listed his interest in a lender liability cause of action against First National Bank of Gallatin. On August 3, 1989, the court entered its order sustaining First National Bank of Gallatin's objection to exempt property. Unlike her husband, debtor Mary Jones did not claim any interest in the cause of action as exempt until after the court had denied Mr. Jones' exemption by the order of August 3. Thereafter, on August 14, Mary Jones filed her separate amended Schedule B–4 of property claimed as exempt.

█ Mary Jones' late-filed amendment, filed only after a ruling on the merits of the identical exemption claimed by her husband, is untimely. However, in order to determine all the issues in the case, for purposes of discussion in the August 3 opinion, the court analyzed the interests of debtor Herbert Jones as if both debtors had listed their interests as exempt. It is unnecessary to reiterate the grounds for sustaining the objection of First National Bank of Gallatin previously set forth in the opinion of August 3, 1989, which is hereby incorporated by reference. The amended exemption of Mary Jones is denied for the reasons set forth in the order of August 3, 1989 and herein.

For the foregoing reasons, it is hereby

ORDERED that debtors' motion to amend the memorandum opinion and order dated August 3, 1989, or alternatively for a new trial is denied. It is further

ORDERED that First National Bank of Gallatin's objection is sustained to the amended exemption Schedule B–4 of debtor Mary Jones and that the Trustee is authorized to enter his appearance as plaintiff in the state court action.