**In re Farhat SHAHZAD, Debtor.**

**Bankruptcy No. 91–46502–293.**

United States Bankruptcy Court,
E.D. Missouri, E.D.

Aug. 5, 1992.

---

7.  As the moving parties, the RTC and the Debtor    bear the burden of proof.

Timothy H. Battern, St. Louis, Mo., for debtor.

Stanley M. Brandmeyer, Clayton, Mo., for trustee.

James S. Cole, Asst. U.S. Trustee, St. Louis, Mo.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

### JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(B), which the Court may hear and determine.

### PROCEDURAL BACKGROUND

1. Farhat Shahzad filed a petition seeking relief under Chapter 7 of the Bankruptcy Code on October 11, 1991.

2. Debtor listed among his assets, an interest in a lawsuit against State Street Bank and Trust Company (State Street) and Amex Life Assurance Company (Amex) valued at $120,000.

3. Debtor claimed an exemption in this interest under the authority of *In re Mitchell*, 73 B.R. 93 (Bankr.E.D.Mo.1987), *aff'd*, 855 F.2d 859 (8th Cir.1988).

4. The trustee objected to Debtor's claim of exemption.

5. Each party submitted briefs on the exemptibility of the Debtor's cause of action against State Street and Amex.

### FACTUAL BACKGROUND

Upon a consideration of the record, the court finds the following facts:

1. On April 19, 1991, Farhat Shahzad filed suit in the Circuit Court for the City of Saint Louis against State Street Bank and Trust Company (State Street) and Amex Life Assurance Company (Amex). Mr. Shahzad alleged in the first count of his petition, sounding in conversion, that Amex deposited $120,000 in an account at State Street as payment upon a life insurance policy covering his late wife. The petition also asserted that the defendants honored a check, numbered 101, drawn in the amount of $120,000 containing a forgery of Mr. Shahzad's signature. Petitioner alleged that payment of check number 101 was wrongful in that defendants knew or should have known that it contained a forgery and that such payment constituted a conversion of the funds in his account. The second count of Mr. Shahzad's petition alleged a breach of fiduciary duty by Amex. In that count, Shahzad argued that Amex created a managed asset account when it deposited with State Street the proceeds of the life insurance policy covering Mrs. Shahzad. The petition further alleged that Amex and its agent State Street breached a fiduciary duty owed to Mr. Shahzad, the beneficiary of the managed asset account, when they paid the forged check with funds from the managed asset account. In addition to punitive damages, Mr. Shahzad sought actual damages from defendants for: the amount of the forged check ($120,000), the damage his credit reputation incurred, the humiliation and embarrassment he suffered, and the emotional and mental anguish he sustained.

2. Approximately six months after filing his suit against State Street and Amex but before that case had been tried, Mr. Shahzad filed a petition for relief under Chapter 7 of the Bankruptcy Code. Mr. Shahzad claimed that under *In re Mitchell*, 73 B.R. 93 (Bankr.E.D.Mo.1986), *aff'd*, 855

F.2d 859 (8th Cir.1988), he could exempt his interest in the lawsuit from inclusion in the bankruptcy estate.

DISCUSSION

Debtor claims that under Missouri Revised Statutes Section 513.427 and *In re Mitchell*, 73 B.R. 93, *aff'd*, 855 F.2d 859 (8th Cir.1988), his interest in the law suit against State Street and Amex is exempt from the claims of his creditors. Section 513.427, as Debtor correctly notes, permits one who has filed bankruptcy to "exempt from property of the estate any property exempt from attachment and execution under the law of the State of Missouri." Mo. Rev.Stat. § 513.427 (1978). Judge Schermer of the Bankruptcy Court for the Eastern District of Missouri applied Section 513.427 in *In re Mitchell*, 73 B.R. 93, *aff'd*, 855 F.2d 859 (8th Cir.1988), and held that unliquidated personal injury claims a Missouri debtor possessed at the time of filing were exempt from inclusion in the bankruptcy estate. Judge Schermer reasoned that § 513.427 allows debtors to "claim exemptions created by statutory and constitutional as well as common law." 73 B.R. at 94. The *Mitchell* court then looked to case law in Missouri and determined that "an unbroken line of decisions since [1876]" in Missouri holds that "to be the subject of a garnishment the debt must be certain and not contingent." 73 B.R. at 95 citing *State ex rel. Government Employees Insurance Company v. Lasky*, 454 S.W.2d 942, 950 (Mo.App.1970). The *Mitchell* court noted that Missouri's public policy against the assignment of claims for personal injuries before judgement bolstered its conclusion

that the unliquidated personal injury claims the debtor possessed at the time of filing were exempt from creditor's claims. 73 B.R. at 95.[1]

The District Court for the Western District of Missouri considered whether a debtor could exempt her interest in an unliquidated claim for legal malpractice that she possessed at the time she filed her bankruptcy petition. *In re Scarlett*, 121 B.R. 578 (W.D.Mo.1990). That court also examined section 513.427 and noted that "Missouri courts have not had occasion to address the scope of the § 513.427 phrase 'attachment and execution.'" 121 B.R. at 580. The court then reasoned that "attachment and execution" in § 513.427 cannot be read narrowly and must "provide an exemption for property that is not only not subject to attachment and execution ... but that is also not subject to a creditor's bill [in equity]."[2] 121 B.R. at 580. Whether or not a creditor's bill can reach a claim turns upon whether the claim is assignable. *Id.* Missouri's public policy against the trafficking in lawsuits for pain and suffering prevents a person from assigning her interest in a tort claim "in which the wrong is regarded as one to the person rather than an injury affecting the estate or property." 121 B.R. at 580–81 (citing *State ex rel. Park Nat. Bank v. Globe Indemnity Co.*, 332 Mo. 1089, 61 S.W.2d 733, 736 (1933)). In other words, Missouri's common law prohibits the assignment of causes "for torts for personal injuries, and for wrongs done to the person, the reputation, or the feelings of the injured party, and those based on contracts of a purely

---

**1.** The court in *Mitchell* also indicated that allowing the debtor to claim an exemption in unliquidated personal injury claims advanced the policy of treating bankrupt and non-bankrupt debtors alike. 73 B.R. at 95. However, as the United States District Court for the Western District of Missouri pointed out, recognition of an exemption in such unliquidated suits does not result in equal treatment of bankrupt and non-bankrupt debtors. *In re Scarlett*, 121 B.R. 578 (W.D.Mo.1990). The personal injury claims of a non-bankrupt debtor are only protected from attachment and garnishment while they are unliquidated; once reduced to a judgement, the proceeds of the suits become subject to creditors' claims. On the other hand, the debtor

who files bankruptcy and exempts the unliquidated personal injury claims she possesses at the time of filing insulates the proceeds of her claims from creditors' claims forever. 121 B.R. at 581.

**2.** A more restrictive reading of the phrase "attachment and execution" would render all unliquidated tort claims exempt even though creditors could reach some unliquidated tort claims outside of bankruptcy by means of a creditor's bill. 121 B.R. at 580. A narrow interpretation would, therefore, frustrate the section 513. 427's purpose of "permit[ting] an exemption for property which is beyond the reach of legal process." *Id.*

personal nature, such as promises of marriage." *State ex rel Park Nat. Bank v. Globe Indemnity Co.*, 332 Mo. 1089, 61 S.W.2d 733, 736 (1933) (citing 2 R.C.L. 596, § 3).

Mr. Shahzad argues that his claims against State Street and Amex are personal causes of action because his money was involved, his credit reputation was harmed and he suffered the humiliation of poverty. The trustee contends that Debtor's claims are not personal because any wrongs State Street and Amex committed offended Mr. Shahzad's property, not his person. The trustee maintains that Mr. Shahzad's charges of injury to his credit reputation and of suffering the humiliation of poverty do not convert a nonpersonal cause of action into a personal injury action. Trustee further asserts that because Debtor's causes are not personal they are assignable and, therefore, not exempt under § 513.-427.

To support his contention that the Debtor's causes against State Street and Amex are not causes for personal injuries trustee has directed this court to the decision of the Bankruptcy Court for the Western District of Missouri in *In re Jones*, 102 B.R. 730 (Bankr.W.D.Mo.1989). The *Jones* court held that a debtor's causes of action based upon fraudulent misrepresentation, misconduct and "breach of a relationship of trust and fidelity" were not causes for personal injury and hence not exempt from creditors' claims in bankruptcy. *Id.* at 732. The *Jones* debtor, unlike Mr. Shahzad, sought only actual and punitive damages and made no allegations of damage to his credit reputation or harm suffered through humiliation and embarrassment. For this reason the court considers *In re Jones* to be instructive but not determinative of the present case. This court finds that neither Mr. Shahzad nor the trustee is entirely correct. The allegation of some personal injuries as a result of a defendant's conduct will not convert a nonpersonal cause of action into a cause for personal injuries. However, the fact that the underlying cause of action is nonpersonal should not subject claims for personal injuries sustained by the debtor to creditors' claims. Therefore, this court holds that any recovery Debtor realizes for the humiliation and embarrassment he suffered as a result of State Street and Amex's actions is exempt from inclusion in the bankruptcy estate. Likewise, any damages Mr. Shahzad recovers for damage State Street and Amex did to his credit reputation are representative of a personal injury and so the claim for these is exempt from inclusion in the bankruptcy estate. Also, any recovery a court awards Mr. Shahzad for emotional and mental anguish is exempt property. However, Debtor's claim for actual and punitive damages arising from the forgery, namely the wrongly paid $120,000, is not personal and belongs to the bankruptcy estate because the exemption for unliquidated personal injury causes of action does not apply to it.

An Order consistent with this Memorandum Opinion will be entered this date.