In re Patricia A. KININSON, Debtor.

Bankruptcy No. 94–44518–293.

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

Jan. 31, 1995.

T.J. Mullin, Lisa Pickard–Baron, Clayton, MO, for debtor.

Spencer P. Desai, St. Louis, MO, for trustee.

### MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

### JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(B), which the Court may hear and determine.

### PROCEDURAL AND FACTUAL BACKGROUND

The parties have filed and the Court adopts the following findings of fact:

1. This Court has jurisdiction over the matter pursuant to 28 U.S.C. § 157 and § 1334.

2. This matter is a core proceeding pursuant to § 157(b)(2)(B).

3. Debtor filed a joint Chapter 7 bankruptcy proceeding on August 24, 1994, Case No. 94–44518–293.

4. Robert J. Blackwell is the duly appointed and acting Trustee for the Debtor's Chapter 7 proceeding.

5. On October 13, 1994, the Trustee filed a timely objection to the Debtor's claim of exemption. The Debtor filed a response and the matter was set for hearing. The parties have agreed that the dispute will be resolved by simultaneous briefs and joint Stipulation of Facts.

6. Patricia Kininson claims as exempt an interest in a claim for sexual harassment.

7. Debtor claimed as exempt her action for sexual harassment pursuant to RSMo § 513.430(11) and § 513.427.

8. Missouri, by enacting RSMo § 513.427, "opted out" of the Federal exemption scheme and as a result, Debtor's exemptions are governed by Missouri state law.

### DISCUSSION

Debtor argues that under Missouri Revised Statutes § 513.427 and Federal bankruptcy case law from the Eastern District of Missouri, her unliquidated sexual harassment claim against her former employer is exempt from the bankruptcy estate and out of the reach of her creditors.[1]

■ The Bankruptcy Code 11 U.S.C. § 522(d) permits states to opt out of the Federal exemptions. The State of Missouri chose to opt out of the Federal scheme in 1982 when Missouri Revised Statute § 513.427 became effective. As a result, debtors in Missouri may claim any exemptions allowed under state law as well as Federal exemptions other than those under 11 U.S.C. § 522(d). In re Sanders, 69 B.R. 569, 570 (Bankr.E.D.Mo1987). The Revised Statutes of Missouri § 513.430 provides a non-exclusive list of exemptions. This court noted in In re Sanders that in addition to the exemptions listed in § 513.430, "there are numerous other exemptions not listed in that section or in any other section of Chapter 513." In re Sanders, 69 B.R. 569, 572 (Bankr.E.D.Mo1987). Under § 513.427, anyone who has filed a petition in bankruptcy may "exempt from property of the estate any property exempt from attachment and execution under the law of the state of Missouri."

---

1. Debtor's request that she be granted an exemption under RSMo 513.430(11) is inapplicable here because this subsection applies exclusively to wrongful death claims, which is not a factor in the instant case.

634

RSMo § 513.427. The language in this section, "under the law of the state of Missouri," is sufficiently broad to cover exemptions created by statutory and constitutional law. *In re Mitchell*, 73 B.R. 93 (Bankr.E.D.Mo1987).

■ "Under Missouri law, a tort claim 'in which the wrong is regarded as one to the person rather than an injury affecting the estate or property' is not assignable." *Scarlett v. Barnes*, 121 B.R. 578 (Bankr. W.D.Mo1990) citing *State ex rel. Park Natl. Bank v. Globe Indemnity Co.*, 61 S.W.2d 733, 736 (1933). Injury to the person includes wrongs done to the physical person, to their reputation or feelings, and causes of action based on contracts of a purely personal nature such as marriage. Because injuries affecting personal rather than property interests are not assignable under Missouri law, these types of actions are also exempt under RSMo § 513.427.

Bankruptcy Courts sitting in Missouri have applied § 513.427 in several decisions and have delineated the exemption for unliquidated personal injury claims. In *In re Mitchell*, Judge Schermer held unliquidated personal injury claims are exempt from the creditors reach. *In re Mitchell*, 73 B.R. 93, 95 (Bankr.E.D.Mo.1987). He gave two rationales for his finding, the first being that the uncertainty of these unliquidated debts makes them unattachable and therefore they fall within the § 513.427 exemption. Secondly, he reasoned that public policy dictates against assignability of personal injury claims because courts want to prevent unscrupulous trading in claims for pain and suffering. *In re Mitchell*, 73 B.R. at 95, citing *Forsthone v. Hardware Dealers Mutual Fire Insurance Co.*, 416 S.W.2d 208 (Mo. App.1967).

The Bankruptcy Court for the Western District in *In re Jones*, 102 B.R. 730 (Bankr. W.D.Mo1989) held that a debtor's unliquidated claim for breach of contract, fraudulent misrepresentation and breach of fiduciary duty did not fit within the personal injury exemption because it arose from injury to property only. The Debtor's unliquidated claim in *Mitchell* was a claim for actual harm to the person of the Debtor. Three years later the District Court for the Western District of Missouri in *Scarlett v. Barnes* was faced with the question of whether the personal injury exemption which the Court defined in *Mitchell* was broad enough to include wrongs to the person which arose from wrongs done to the person but did not involve physical injury. The *Scarlett* court reversed the bankruptcy court and concluded that the *Mitchell* exemption did extend to wrongs to the person that did not involve personal injury. Debtor's unliquidated claim in that case was for legal malpractice. *Scarlett v. Barnes*, 121 B.R. 578 (Dist.Ct.W.D.Mo. 1990).

In 1992 this court decided a case under RSMo § 513.427 and the *Mitchell* personal injury exemption, which involved a debtor's unliquidated claims for conversion, damage to reputation, physical distress, humiliation and embarrassment. *In re Shahzad*, 147 B.R. 34 (E.D.Mo.1992). The court held that allegations of some personal injuries as a result of defendant's conduct will not convert a nonpersonal cause of action into a cause of action for personal injuries. *In re Shahzad*, 147 B.R. at 73. Instead, the court found that any potential award should be divided. The Debtor was awarded a personal injury exemption for all claims that were personal in nature, such as humiliation and embarrassment, damage to his credit reputation, and mental anguish, and ordered claims arising from loss of property such as actual and punitive damages for forgery and wrongful payment of a check to be included in the estate for distribution to creditors. Thus, not all of the anticipated judgment was subject to exemption. The court distinguished *Shahzad* from *Jones* on the grounds that the debtor in *Jones* claimed only actual and punitive damages for damage to property.

■ Debtor in the present case petitioned the court to grant an exemption for her unliquidated sexual harassment claim against her former employer. Debtor has not yet filed an action and the court can only speculate as to the nature of the claim. Generally, sexual harassment suits are argued under 42 U.S.C. § 1981 et seq., also known as Title VII. Under Title VII, a successful plaintiff may recover punitive and compensatory damages, for such things as embarrassment,

medical expenses and emotional distress. 42 U.S.C. § 1981 (1991). Under 42 U.S.C. § 2000e–5(g), plaintiffs can recover for back pay with or without reinstatement.

 If the Debtor chooses to pursue a cause of action under the Missouri Human Rights Act (MHRA), RSMo Chapter 213, the result would be similar to the one under federal law. The MHRA allows victims of discrimination to recover for actual damages. RSMo § 213.111.2 (Supp.1992). Courts in Missouri have interpreted actual damages to include awards for emotional distress and humiliation, as well as recovery for other types of personal injury. *Sullivan v. Curators of the University of Missouri,* 808 F.Supp. 1420 (E.D.Mo1992), citing *Joplin v. Missouri Commission on Human Rights,* 642 S.W.2d 370, 375 (Mo.App.1982). Any recovery that a debtor receives for the personal injury aspect of the harm is exempt from Debtor's estate, while recovery for injury to property, such as lost income, is not exempt and must become part of the estate for the benefit of the creditors.

In the present case, Debtor argues as follows: first, the nature of her claim is highly contingent and speculative which renders it non-garnishable; second, Missouri public policy is against trafficking in inherently personal claims arising from pain and suffering; and third, the Debtor argues that her inability to secure new employment should be considered a factor. Debtor's third point raises an issue which is unfortunate but has no bearing on the resolution of a personal injury exemption.

The Trustee argues that Debtor's potential sexual harassment claim is property of the estate which does not fit into any of the Missouri exemptions. The potential claim involves a legal rather than equitable claim and thus is subject to attachment; the potential claim does not involve injury to the person, and the Missouri personal injury exemption should be strictly construed to cover only those claims in which the Debtor's person was actually harmed. As support for the argument in favor of strict construction, Trustee relied on *Perino v. Cohen,* 107 B.R. 453 (S.D.N.Y.1989). The law in *Perino* is contrary to the well-established rule in the Eastern District which construes the personal injury exemption broadly enough to include wrongs to the person beyond physical injury.

The court finds that neither the Debtor nor the Trustee is completely correct. *Shahzad* is determinative in the present case because Debtor's unliquidated claim contains elements of both personal and property damage. Thus, this court holds that should the Debtor recover an award for her unliquidated sexual harassment claim, any recovery that she realizes for embarrassment, medical expenses, emotional distress or similar harms to the person is exempt from the bankruptcy estate. Any recovery that she realizes for loss of wages and punitive damages constitutes property interest and will be included in the bankruptcy estate for distribution to creditors.

An Order consistent with this Memorandum Opinion will be entered this date.