**In re David Earl BARNES and Jeannette Yvonne Koster Barnes, Debtors.**

**Bankruptcy No. 94–43503–293.**

United States Bankruptcy Court, E.D. Missouri, Eastern Division.

Feb. 3, 1995.

T.J. Mullin, Lisa Pickard–Baron, Clayton, MO, for debtors.

Spencer P. Desai, St. Louis, MO, for trustee.

### MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

### JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(B), which the Court may hear and determine.

### PROCEDURAL AND FACTUAL BACKGROUND

The parties have filed and the Court adopts the following findings of fact:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and § 1334.

2. This matter is a core proceeding pursuant to § 157(b)(2)(B).

3. Debtors filed a joint Chapter 7 bankruptcy proceeding on June 30, 1994, Case No. 94–43503–293.

4. Robert J. Blackwell is the duly appointed and acting Trustee for the Debtors' Chapter 7 proceeding.

5. On August 30, 1994, the Trustee filed a timely objection to the Debtor's claim of exemption. Debtors filed a response and the matter was set for hearing. The parties have agreed that the dispute will be resolved by simultaneous briefs and joint Stipulation of Facts.

6. David Earl Barnes claims as exempt an interest in two claims pending before the Missouri Human Rights Commission. The first claim, filed on or about April, 1992, sought damages from St. Louis Hardware Co. for alleged discriminatory treatment by St. Louis Hardware in allocating privileges among machinists.

7. In May 1992, after filing his complaint with the Human Rights Commission, the David Earl Barnes was discharged by St. Louis Hardware. Subsequently, he filed a second complaint before the Missouri Human Rights Commission alleging retaliatory discharge. Those claims are presently pending before the Commission.

8. Debtors declared exempt the claims of David Earl Barnes before the Human Rights Commission pursuant to RSMo § 513.430(11) and § 513.427.

9. Missouri, by and enacting RSMo § 513.427, "opted out" of the Federal exemption scheme and as a result, Debtors' exemptions are governed by Missouri State law.

### DISCUSSION

David Earl Barnes argues that under Missouri Revised Statutes § 513.427 and Federal bankruptcy case law from the Eastern District of Missouri, his unliquidated discrimination claim against his former employer is exempt from the bankruptcy estate and out of the reach of his creditors.[1]

The Bankruptcy Code 11 U.S.C. § 522(d) permits states to opt out of the Federal exemptions. The State of Missouri chose to opt out of the Federal scheme in 1982 when

---

1. Debtors' request that they be granted an exemption under RSMo § 513.430(11) is inapplicable here because this subsection applies exclusively to wrongful death claims, which is not a factor in the instant case.

Missouri Revised Statute § 513.427 became effective. § 513.427 provides:

> **Bankruptcy, exemptions allowed.**—Every person by or against whom an order is sought for relief under Title 11, United States Code, shall be permitted to exempt from property of the estate any property that is exempt from attachment and execution under the law of the state of Missouri or under federal law, other than Title 11, United States Code, Section 522(d), and no such person is authorized to claim as exempt the property that is specified under Title 11, United States Code, Section 522(d).

As a result, debtors in Missouri may claim any exemptions allowed under state law as well as Federal exemptions other than those under 11 U.S.C. § 522(d). *In re Sanders*, 69 B.R. 569, 570 (Bankr.E.D.Mo.1987). The Revised Statutes of Missouri § 513.430 provides a non-exclusive list of exemptions. This court noted in *In re Sanders* that in addition to the exemptions listed in § 513.430, "there are numerous other exemptions not listed in that section or in any other section of Chapter 513." *In re Sanders*, 69 B.R. 569, 572 (Bankr.E.D.Mo.1987). Under § 513.427, anyone who has filed a petition in bankruptcy may "exempt from property of the estate any property exempt from attachment and execution under the law of the state of Missouri." RSMo § 513.427. The language in this section, "under the law of the state of Missouri," is sufficiently broad to cover exemptions created by statutory and constitutional law. *In re Mitchell*, 73 B.R. 93 (Bankr.E.D.Mo.1987).

"Under Missouri law, a tort claim 'in which the wrong is regarded as one to the person rather than an injury affecting the estate or property' is not assignable." *Scarlett v. Barnes*, 121 B.R. 578 (Bankr.W.D.Mo.1990) citing *State ex rel. Park Natl. Bank v. Globe Indemnity Co.*, 61 S.W.2d 733, 736 (1933). Injury to the person includes wrongs done to the physical person, to their reputation or feelings, and causes of action based on contracts of a purely personal nature such as marriage. Because injuries affecting personal rather than property interests are not assignable under Missouri law, these types of actions are also exempt under RSMo § 513.427.

Bankruptcy courts sitting in Missouri have applied § 513.427 in several decisions and have delineated the exemption for unliquidated personal injury claims. In *In re Mitchell*, Judge Schermer held unliquidated personal injury claims are exempt from the creditors' reach. *In re Mitchell*, 73 B.R. 93, 95 (Bankr. E.D.Mo.1987). He gave two rationales for his finding, the first being that the uncertainty of these unliquidated debts makes them unattachable and therefore they fall within the § 513.427 exemption. Secondly, he reasoned that public policy dictates against assignability of personal injury claims because courts want to prevent unscrupulous trading in claims for pain and suffering. *In re Mitchell*, 73 B.R. at 95, *citing Forsthone v. Hardware Dealers Mutual Fire Insurance Co.*, 416 S.W.2d 208 (Mo.App.1967).

The Bankruptcy Court for the Western District in *In re Jones*, 102 B.R. 730 (Bankr. W.D.Mo.1989) held that a debtor's unliquidated claim for breach of contract, fraudulent misrepresentation and breach of fiduciary duty did not fit within the personal injury exemption because it arose from injury to property only. The debtor's unliquidated claim in *Mitchell* was a claim for actual harm to the person of the debtor. Three years later the District Court for the Western District of Missouri in *Scarlett v. Barnes* was faced with the question of whether the personal injury exemption which the Court defined in *Mitchell* was broad enough to include wrongs to the person which arose from wrongs done to the person but did not involve physical injury. The *Scarlett* court reversed the bankruptcy court and concluded that the *Mitchell* exemption did extend to wrongs to the person that did not involve personal injury. Debtor's unliquidated claim in that case was for legal malpractice. *Scarlett v. Barnes*, 121 B.R. 578 (Dist.Ct.W.D.Mo. 1990).

In 1992 this court decided a case under RSMo § 513.427 and the *Mitchell* personal injury exemption, which involved a debtor's unliquidated claims for conversion, damage to reputation, physical distress, humiliation and embarrassment. *In re Shahzad*, 147

B.R. 34 (E.D.Mo.1992). The court held that allegations of some personal injuries as a result of defendant's conduct will not convert a nonpersonal cause of action into a cause of action for personal injuries. *In re Shahzad,* 147 B.R. at 73. Instead, the court found that any potential award should be divided. The debtor was awarded a personal injury exemption for all claims that were personal in nature, such as humiliation and embarrassment, damage to his credit reputation, and mental anguish, and ordered claims arising from loss of property such as actual and punitive damages for forgery and wrongful payment of a check to be included in the estate for distribution to creditors. Thus, not all of the anticipated judgment was subject to exemption. The court distinguished *Shahzad* from *Jones* on the grounds that the debtor in *Jones* claimed only actual and punitive damages for damage to property.

Debtors in the present case petitioned the court to grant an exemption for David Earl Barnes' unliquidated discrimination claims against his former employer. He has filed two claims under the Missouri Human Rights Act (MHRA) for discrimination and wrongful discharge/retaliatory firing. Under the MHRA, RSMo 213 (Supp.1992) a successful plaintiff may recover punitive, compensatory and actual damages. RSMo § 213.111.2 (Supp.1992). Courts in Missouri have interpreted actual damages to include awards for emotional distress and humiliation, as well as recovery for other types of personal injury. *Sullivan v. Curators of the University of Missouri,* 808 F.Supp. 1420 (E.D.Mo.1992), citing *Joplin v. Missouri Commission on Human Rights,* 642 S.W.2d 370, 375 (Mo. App.1982). Any recovery that a debtor receives for the personal injury aspect of the harm is exempt from debtor's estate, while recovery for injury to property, such as lost income, is not exempt and must become part of the estate for the benefit of the creditors.

In the present case, Debtors argued as follows: first, the nature of the claim is highly contingent and speculative which renders it non-garnishable; second, Missouri public policy is against trafficking in inherently personal claims arising from pain and suffering.

The Debtors cite *In re Mitchell* as support for both elements of their argument.

The Trustee argues that Debtors' potential discrimination claim is property of the estate which does not fit into any of the Missouri exemptions. The Trustee first argued that the disputed potential claim did not involve injury to the person, and the Missouri personal injury exemption should be strictly construed to cover only those claims in which the debtor's person was actually harmed. As support for the argument in favor of strict construction, Trustee relied on *In re Cohen,* 107 B.R. 453 (S.D.N.Y.1989). The Court notes that the law in *Cohen* is contrary to the well-established rule in the Eastern District which construes the personal injury exemption broadly enough to include wrongs to the person beyond physical injury. Next, the Trustee argued that because the Debtors' claim is a legal claim for violation of a state statute and not a common law claim for negligence or personal injury, it is subject to assignment or execution and therefore not exempt under RSMo § 513.427. He attempted to distinguish the present case from the holdings in *Mitchell, Scarlett,* and *Shahzad* on the grounds that those debtors' claims involved violations of Missouri common law. The Trustee's argument failed to acknowledge that the language in RSMo § 513.427 which states, "under the law of the state of Missouri," is sufficiently broad to cover exemptions created by statutory and constitutional law, in addition to those created by common law. *In re Mitchell,* 73 B.R. 93 (Bankr.E.D.Mo.1987).

The court finds that neither the Debtors nor the Trustee are completely correct. *Shahzad* is determinative in the present case because Debtors' unliquidated claim contains elements of both personal and property damage. Thus, this court holds that should the Debtors recover an award for David Earl Barnes' discrimination claim, any recovery that he realizes for emotional distress or similar harms to the person is exempt from the bankruptcy estate. Any recovery that he realizes for loss of wages and punitive damages constitutes property interest and will be included in the bankruptcy estate for distribution to creditors.

An Order consistent with this Memorandum Opinion will be entered this date.

### ORDER

For the reasons set forth in the Memorandum Opinion filed this date, it is

ORDERED that the Trustee's Objection to Debtors' Claim of Exemption of assets arising under two claims pending before the Missouri Human Rights Commission is SUSTAINED for any loss of income and punitive damages and OVERRULED for any other right of recovery for any damage sustained as a result of personal injury such as embarrassment, emotional distress, or similar harms.