Robert GREMMINGER and Georgia Gremminger, Claimants/Appellants,

v.

MISSOURI LABOR AND INDUSTRIAL RELATIONS COMMISSION, Respondent.

No. ED 83208.

Missouri Court of Appeals, Eastern District, Division Two.

Feb. 24, 2004.

David M. Hocking, St. Louis, MO, for appellants.

Ryan Bertels, Assistant Attorney General, Jefferson City, MO, for respondent.

KATHIANNE KNAUP CRANE, Judge.

Claimants appeal from the Final Award of the Labor and Industrial Relations Commission (the Commission) affirming the award of the Administrative Law Judge (ALJ) denying compensation from the Tort Victims' Compensation Fund for an unsatisfied money judgment in their favor for fraudulent representation. We affirm for the reason that fraudulent representation is not a "personal injury" compensated by the Tort Victims' Compensation Fund, as that term is used in the Tort Victims Compensation Act, Sections 537.675–537.693 RSMo (2002 Supp.) (the Act).

In 1999, claimants, Robert and Georgia Gremminger, filed a lawsuit against Advantage Homes, Inc. for declaratory and injunctive relief and damages, alleging Advantage fraudulently induced them to enter a contract to provide a Wausau-built home, when it intended to provide a home not built by Wausau. Claimants specifically requested the trial court to enjoin Advantage from constructing a home on their property, to declare the contract terminated, to declare claimants entitled to a full refund of all deposits made, to award damages from the misrepresentations in the amount of $61,979 and to award punitive damages in the amount of $1,000,000. The trial court entered a default judgment awarding all relief requested. The judgment was uncollectible.

On December 31, 2002, claimants each filed an application for Tort Victims' Compensation with the Division of Workers' Compensation (the Division). In their applications they listed "Fraudulent Misrepresentation in sale of residence to be constructed" in the box denominated "Nature of Tort Committed." The Division made an administrative determination denying benefits on the ground that claimants did not meet the statutory definition of "uncompensated tort victim." After a hearing, the ALJ denied compensation for the reason that the injury suffered by claimants was not a "personal injury" as contemplated by the Missouri legislature in establishing the Tort Victims' Compensation Fund. The Commission affirmed.

In their first three points claimants assert that the Commission erred in determining that their claim for fraudulent misrepresentation was not a tort covered by the Tort Victims' Compensation Fund. They contend that the term "personal injury," as used in the Act, extends to an injury to a person's rights and is not limited to bodily injury. Claimants misperceive the issue. Even if "personal injury," as used in the Act, includes an injury to

personal rights, it does not extend to a claim for fraudulent representation.

■ The purpose of Section 537.675 of the Act is to "create a fund to compensate certain tort victims who might otherwise be forced to rely on public assistance, while other tort victims, particularly those receiving large punitive damages awards, receive more than is necessary to pay for their injury." *Fust v. Attorney General for the State of Missouri,* 947 S.W.2d 424, 430 (Mo. banc 1997). Section 537.681 of the Act provides that an "uncompensated tort victim" is eligible for compensation from the Tort Victims' Compensation Fund. Plaintiffs each claim to be an "uncompensated tort victim" as defined in section 537.675.1(6) of the Act because each is "a person who ... is a party in a *personal injury* or wrongful death lawsuit" and has "obtained a final monetary judgment in that lawsuit ... against a tort-feasor for *personal injuries ....*" (Emphasis added). Claimants argue that their lawsuit for fraudulent misrepresentation was a "personal injury" lawsuit, entitling them to compensation from the Tort Victims' Compensation Fund.

■ "Personal injury" is not defined in the Act. The primary rule of statutory construction is to ascertain legislative intent by giving the words used in the statute their plain and ordinary meaning. *American Healthcare v. Director of Revenue,* 984 S.W.2d 496, 498 (Mo. banc 1999); Section 1.090 RSMo 2000. In the absence of statutory definitions, we may look to dictionary definitions to find a word's plain and ordinary meaning. *American Healthcare,* 984 S.W.2d at 498; *State Dept. Soc. Ser. v. Brookside Nursing,* 50 S.W.3d 273, 276 (Mo. banc 2001). Webster's Third New International Dictionary (1996) defines "personal injury" as "1: an injury affecting one's physical and mental person as contrasted with one causing damage to

one's property 2: an injury giving rise to a personal action at law." *Id.* at 1686.

■ In addition, when a statute contains terms that have had other judicial or legislative meanings attached to them, we presume the legislature acted with knowledge of that judicial or legislative action. *Citizens Elec. Corp. v. Dept. of Revenue,* 766 S.W.2d 450, 452 (Mo. banc 1989). We may therefore consider other legislative or judicial meaning given to a term. *Brookside,* 50 S.W.3d at 277. The Missouri Supreme Court has held: "The words 'personal injuries' as defined by lexicographers, jurists, and text-writers and by common acceptance, denote an injury either to the physical body of a person or to the reputation of a person, or to both." *Soukop v. Employers Liability Assur. Corporation,* 341 Mo. 614, 108 S.W.2d 86, 90 (1937). "Personal injury" is construed to mean "bodily injury" in its restrictive sense, but is construed to mean an injury to a personal right in its broad sense. *Gray v. Wallace,* 319 S.W.2d 582, 583–84 (Mo.1958). *See also* 43A C.J.S. *Injury* 770 (1978). A "personal right" in law is a right "that forms part of a person's legal status or personal condition, as opposed to the person's estate." Black's Law Dictionary 1323 (7th ed.1999). Injuries to a person's reputation or feelings exemplify injuries to personal rights. *St. John's Regional Health Center, Inc. v. Windler,* 847 S.W.2d 168, 171 (Mo.App. 1993). Actions for injuries to personal rights include libel, slander, criminal conversation, seduction, false imprisonment, and malicious prosecution. *Gray,* 319 S.W.2d at 584; *St. John's* 847 S.W.2d at 171; *Vitale v. Sandow,* 912 S.W.2d 121, 122–23 (Mo.App.1995); 43A C.J.S. *Injury* 769 (1978).

■ Thus, in its broad sense, "personal injury" is coextensive with the class

of torts known as "personal torts," "which involve injuries to the person, whether to the body, reputation or feelings." *Travelers Indemnity Company v. Chumbley*, 394 S.W.2d 418, 422 (Mo.App.1965). The other class of torts is "property torts," "which involve injury or damage to property, whether realty or personalty." *Id. See also Smith v. Smith*, 300 S.W.2d 275, 280 (Mo.App.1957) (cited with approval in *Nebbitt v. Nebbitt*, 589 S.W.2d 297, 300 (Mo. banc 1979)). Whether a tort is a personal tort or a property tort determines when a cause of action is assignable, *Beall v. Farmers' Exchange Bank of Gallatin*, 76 S.W.2d 1098, 1099 (Mo.1934), or may be subrogated, *Chumbley*, 394 S.W.2d at 422–24.[1] Under prior law it also determined whether a cause of action survived, *Forsthove v. Hardware Dealers Mutual Fire Ins. Co.*, 416 S.W.2d 208, 217 (Mo.App. 1967), or whether interspousal immunity applied. *Smith*, 300 S.W.2d at 280; *Nebbitt*, 589 S.W.2d at 300.

▬▬▬ Actions for fraud and deceit are considered property torts and "more than merely personal" when they involve matters diminishing the property of the person defrauded. *Houston v. Wilhite*, 224 Mo.App. 695, 27 S.W.2d 772, 775 (1930). "[F]rauds, deceits and other torts by which an estate, real or personal, has been injured, diminished or damaged" have been traditionally classified as injuries to property rights which are assignable under common law and not as " 'torts for personal injuries, and for wrong done to the person, the reputation, or the feelings of the injured party, and those based on contracts of a purely personal nature, such as promises of marriage,' " which are

not assignable under common law. *State ex rel. Park Nat. Bank v. Globe Indemnity Co.*, 332 Mo. 1089, 61 S.W.2d 733, 736 (1933) (quoting 2 R.C.L. 596 section 3); *see also Beall*, 76 S.W.2d at 1099. An action for fraud and deceit is not a personal injury and is assignable when the injury affects the estate or arises out of contract. *Id.* (quoting 5 C.J. *Assignments* section 56, (1926))[2]. *See also Jones*, 102 B.R. at 732; 43A C.J.S. *Injury* 769 n. 7 (classifying a cause of action for fraud and deceit as one for injury to property); WILLIAM L. PROSSER, HANDBOOK OF THE LAW OF TORTS 881 (3d ed.1964) (classifying fraud as a tort to property rights and thus not subject to interspousal immunity).

Claimants' judgment for damages for fraudulent misrepresentation was for injury to property rights and interests and was not for invasion of a personal right. Their judgment was not based on a personal injury claim, even in the broadest sense of the term "personal injury." For this reason we do not need to reach, and specifically decline to reach, the question whether the term "personal injury" as used in the Act is used in its narrow sense or in its broad sense. Claimants' claims for compensation from the Tort Victims' Compensation Fund were not based on a judgment in a personal injury lawsuit and were therefore not compensable. Points one, two, and three are denied.

For their fourth point claimants contend the Commission erred in consolidating their claims pursuant to 8 CSR 50–8010(10). In light of our holding that their claims are not covered by the Act, point four is moot.

---

1. It also governs exemptions in bankruptcy cases in Missouri. *See In re Shahzad*, 147 B.R. 34, 36–37 (Bankr.E.D.Mo.1992); *In re Jones*, 102 B.R. 730, 732 (Bankr.W.D.Mo. 1989).

2. This passage is now found in 6A C.J.S. *Assignments* section 40 (1996).

The award of the Commission is affirmed.

GLENN A. NORTON, P.J. and MARY K. HOFF, J. concur.